In the Matter of the **ESTATE** of **M. R. LAR-SEN,** also known as **M. R. Larson,** also known as **Marcus Larsen,** also known as **Mike Larsen,** Deceased.

**Tyra OLSEN, Petitioner and Appellant,**

v.

**Ronald BRODEN, Administrator of the Es-tate of M. R. Larsen, a/k/a M. R. Larson, a/k/a Marcus Larsen, a/k/a Mike Larsen, Deceased, and Marie Larsen, Respondents.**

**No. 8314.**

Supreme Court of North Dakota.

June 21, 1966.

Pringle, Herigstad, Meschke, Loder, Ma-honey & Purdy, Minot, for petitioner and appellant.

Joseph P. Stevens, Minot, and Erwin H. Brendel, Mohall, for respondents.

STRUTZ, Judge.

This is an appeal from a judgment en-tered by the district court of Renville Coun-

ty. The appellant, Tyra Olsen, a sister of the deceased, M. R. Larsen, had filed a claim against her brother's estate for $8,000 plus interest, for moneys she claims to have lent the deceased. The claim was denied in its entirety by the county court, and she thereupon appealed to the district court. After trial, before the Honorable Douglas B. Heen, one of the judges of the Second Judicial District, the court ordered the entry of judgment for the claimant in the sum of $4,000, with interest on such sum from January 1, 1958. The trial court, however, denied the claim of the appellant for an additional $4,000, which claim was based on a note dated March 31, 1960.

The claimant thereupon appealed to this court from the judgment so entered, contending that judgment should have been entered for $8,000 instead of $4,000. She has demanded a trial de novo on all of the issues in this court. On argument in the Supreme Court, the respondents admitted liability in the sum of $4,000. Therefore, the only issue before us on this appeal is whether the trial court erred in awarding $4,000 with interest, instead of $8,000 as demanded by the appellant.

The appellant's claim is based on moneys she alleges were lent to her deceased brother. The $4,000 for which her claim was allowed, and for which judgment was entered, was lent to the deceased prior to 1957 or 1958, and her claim for this sum was based on a written instrument, undated, delivered to her "Around 1957 or '58," which reads as follows:

"To Tyra Olsen—

"If any thing happens to me Mike Larsen. Tyra Olsen is to be paid $4,000
                    "Mike Larsen
                    "Marie Larsen"

According to the claimant's testimony, this instrument was delivered to her after she had advanced a total of $4,000 to the deceased and that such instrument was delivered to her "Around 1957 or '58."

The balance of $4,000 demanded, which claim the trial court denied, is for moneys which the appellant contends were lent to her brother after she had received the above written instrument. Evidence of this claim is a note dated March 31, 1960, and due April 5, 1961. The testimony of the appellant is to the effect that this note was given to her as a replacement of an earlier note which she had lost or misplaced, and that such earlier note had been given for loans made to the deceased between the time of the execution of the undated instrument, "Around 1957 or '58," and early in 1960. The appellant contends that when the earlier note was lost or misplaced, she had her brother sign the note of March 31, 1960, to replace it.

Evidently the earlier note was found prior to trial, for it is an exhibit in the case. It is in a mutilated condition, and the trial court pointed out that it bears "numerous erasures and strike-overs, with its date illegible." The trial court further stated that "the cumulative effect of this exhibit is not such as to inspire confidence in the same." The appellant, who has been on public welfare assistance since 1960, did not attempt to show the source of the money she claims to have lent to her brother between 1958 and early 1960, but relied on her possession of the note. She contends that the note is prima-facie evidence of the validity of her claim, and that the burden of proving want of consideration is upon the estate. In support of this contention, she cites certain applicable statutes. Section 41–03–01, North Dakota Century Code, provides:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

Section 9–05–10 of the North Dakota Century Code provides:

"WRITTEN INSTRUMENT—PRESUMPTION OF CONSIDERATION.—A written instrument is presumptive evidence of a consideration."

Section 9–05–11 of the North Dakota Century Code provides:

"BURDEN OF PROVING WANT OF CONSIDERATION.—The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."

■ Where a trial de novo is demanded on an appeal from a judgment in an action tried to the court without a jury, the appellate court must review and weigh the evidence and find the facts for itself, independent of the trial court's findings. In doing this, the findings of the trial court are considered and given appreciable weight. Spielman v. Weber (N.D.), 118 N.W.2d 727; Stark County v. Koch (N.D.), 107 N.W.2d 701; Strobel v. Strobel (N.D.), 102 N.W.2d 4.

Thus this court will weigh the evidence and find the facts for itself.

While the testimony of the appellant is indefinite and uncertain in many respects and, as the trial court has pointed out, she has made no effort to show the source of the money she claims to have lent to her deceased brother between 1958 and 1960, her testimony is very positive in one regard, and that is that the note on which her claim is based, dated March 31, 1960, was given to replace an earlier note, which note is also in evidence and which, as has been pointed out, is in a mutilated condition.

■ From the record before us, we find that the consideration for the note of March 31, 1960, was the prior note given by the deceased to the appellant. Thus the provisions of our statutes that the note of March 31, 1960, is deemed to have been given for a valuable consideration, need not be considered, for this note is shown to have been given to replace the previous note.

The trial court found that the date on the previous note is illegible. It is true that most of the note's provisions have been tampered with and erased, including the date. Many of its provisions cannot be deciphered. But its date can be made out. We find the date of the prior note to be April 26, 1955. Thus the earlier note, which appellant contends was given to her for money which she had lent between 1958 and 1960, was, in fact, given to her in 1955. If the deceased gave her the March 31, 1960, note to replace the earlier note, as appellant testified, it was given for moneys lent by her prior to April 26, 1955. The appellant's own testimony is to the effect that she had lent her brother only $4,000 prior to "Around 1957 or '58."

■ Thus there is no competent evidence that appellant lent any money to her deceased brother after "Around 1957 or '58," and her own testimony is that, at that time, he owed her $4,000. The claimant had the burden of proof, and failed to sustain it.

We find, therefore, that the appellant lent the deceased the sum of $4,000 prior to 1957 or 1958, for which sum the trial court ordered judgment, and that there is no competent evidence of any further loans.

For reasons stated herein, the judgment of the district court is affirmed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and MURRAY, JJ., concur.