1999 ND 183

**Deborah FRANK, Petitioner and Appellant,**

v.

**Patrick TRAYNOR, as Executive Director of the North Dakota Workers Compensation Bureau, Respondent and Appellee.**

No. 990013.

Supreme Court of North Dakota.

Sept. 22, 1999.

Stephen D. Little, Dietz, Little & Haas, Bismarck, for petitioner and appellant.

Brent J. Edison, Special Assistant Attorney General, Bismarck, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Deborah Frank appealed from a judgment dismissing her petition for an alternative writ of mandamus to compel the Workers Compensation Bureau to hold a formal hearing on her claim for benefits. Because Frank had a plain, speedy and adequate remedy in the ordinary course of law through a direct appeal from the Bureau's determination that her request for reconsideration was insufficient, we conclude the district court did not abuse its discretion in denying the writ of mandamus. We affirm.

I

[¶ 2] Frank filed a workers compensation claim on August 25, 1997, alleging she injured her lower back and tailbone when she fell on July 9, 1997, while employed as a supervisor and teacher at the Early Childhood Learning Center in Bismarck. The Bureau dismissed Frank's claim in an order dated September 30, 1997. The Bureau found Frank did not report the injury to her employer until July 15, 1997, and did not report the alleged work-related accident to her physician during her initial medical examination on July 16, 1997. The Bureau also found Frank's medical history revealed she had similar physical complaints arising from a November 1995 motor vehicle accident, and, despite her prior medical problems, Frank checked "no" to questions in her application for benefits and prior injury questionnaire relating to whether she had any prior problems or injuries to her lower back and tailbone.

[¶ 3] The Bureau concluded Frank had not proven a compensable injury, she had willfully made false statements in violation of N.D.C.C. § 65–05–33, and she must forfeit her right to benefits. The Bureau's dismissal was accompanied by a "Notice to Claimant" form and another form describing the Workers' Adviser Program, each advising Frank if she wanted to challenge the dismissal, she needed to write to the Bureau and explain why the dismissal was wrong. On November 21, 1997, after completing the Workers' Adviser Program, Frank requested reconsideration and demanded a formal hearing through her attorney, stating:

Specifically, Findings of Fact V, VII, VIII, XIV, XVII, and XVIII are incorrect; Conclusions of Law I, II, IV, and V are not supported by the facts; and the Bureau's Dismissal Order should be reversed. Ms. Frank suffered a compensable injury and is entitled to compensation.

[¶ 4] On November 26, 1997, a special assistant attorney general wrote to Frank's attorney telling him the request for rehearing was not accepted:

North Dakota law requires that a request for rehearing must specifically state each factual or legal error you believe is contained in the order, and must also state what you believe the correct decision should be. Your request did not contain that information.

If you want a hearing, you must file a written request for rehearing specifically stating each factual or legal error you believe is contained in the order, and also stating what you believe the correct decision should be.

You must file the request within 30 days after the Order, or within 10 days after the date of this letter, whichever is later. If you do not file a proper request within that time, the Order will become final.

[¶ 5] Rather than attempt to comply with the Bureau's directive, on December 5, 1997, Frank's attorney responded to the November 26 letter from the special assistant attorney general:

N.D.C.C., Section 65–01–16 requires that a request for reconsideration and

formal hearing "must specifically state each alleged error of fact and law to be reheard and the relief sought." The Claimant's Request for Reconsideration/Demand for Formal Hearing dated November 21, 1997, does precisely that. If the Bureau wishes to impose criteria in addition to the clear terms of the statute, it should consider promulgating administrative rules. Absent additional requirements, however, the Claimant's Request for Reconsideration/ Demand for Formal Hearing is adequate. If the administrative law judge assigned to this matter wishes a prehearing brief outlining the issues in greater detail, I will honor any request.

[¶ 6] On February 26, 1998 and March 20, 1998, Frank's attorney wrote the Bureau asking if it would continue to "ignore" the request for reconsideration and demand for a formal hearing or assign an administrative law judge, but did not submit a revised request for a formal hearing as requested by the Bureau. After Frank's attorney wrote another letter to the Bureau questioning the status of Frank's request for rehearing, a different special assistant attorney general responded on May 5, 1998:

> Rather than provide the requested information, your December 5, 1997 response to our letter was to challenge our ability to reject your request for rehearing on the grounds we identified in our letter. Since you failed to respond in a timely manner, the Bureau considers the September 30, 1997 Order dismissing Ms. Frank's claim to be a final order.

> The Bureau's position on the requirements for a request for rehearing are based upon statutory language that you *continually* seem to ignore. It is somewhat disconcerting that you are so inclined to challenge the Bureau on this issue when the Bureau's position on this issue continues to be upheld as valid. Perhaps even more disconcerting is that you would jeopardize your clients' claims because you refuse to submit adequate requests on their behalf.

[Emphasis in original].

[¶ 7] On June 9, 1998, Frank's attorney wrote to the Bureau's litigation attorney asking him to intercede in the matter, and informed him if the Bureau were unwilling to accept the request for rehearing, he would seek a writ of mandamus, as he had previously done regarding a request for rehearing in a different client's case. On June 25, 1998, the litigation attorney informed Frank's attorney the request for rehearing was inadequate and the Bureau considered its September 30, 1997 order to be final:

> Your reliance on the claim of [the previous client] is misplaced. For that case only, the Bureau agreed your request for rehearing letter adequately complied with the law and agreed to schedule an administrative hearing. As a result, the mandamus proceeding was dismissed. As part of the dismissal, we reached what I thought was a workable understanding concerning future requests for rehearing. I refer to my letter of March 25, 1998 (copy enclosed) in which we confirmed the dismissal of the [prior] mandamus proceedings. The letter contains the following confirmation:

>> This will further confirm that, for future requests for rehearing, the Bureau will expect your clients to identify the specific findings of fact and/or conclusions of law they contend are in error, and for each finding/conclusion, provide at least a one sentence explanation as to why the Bureau is in error.

[¶ 8] Frank petitioned the district court for an alternative writ of mandamus on September 25, 1998, almost one year after the Bureau issued the original order denying Frank benefits. Frank requested the court to order the Bureau to set the matter for formal hearing within 30 days or show cause why it could not do so. The district court denied the petition for the writ and dismissed the action, concluding:

Frank failed to provide the Bureau with "a statement of the specific grounds upon which relief is requested or a statement of any further showing to be made in the proceeding" under N.D.C.C. § 28–32–14(3) (1993); failed to "state the alleged errors in the decision and the relief sought" under N.D.C.C. § 65–01–16(4) (1997); and failed to "specifically state each alleged error of fact and law to be reheard and the relief sought" under N.D.C.C. § 65–01–16(7) (1997). Frank appealed.

## II

[¶ 9] A district court may issue a writ of mandamus to "any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." N.D.C.C. § 32–34–01. An applicant for a writ of mandamus must demonstrate a clear legal right to the performance of the act and must have no other plain, speedy and adequate remedy in the ordinary course of law. *Kadlec v. Greendale Township Board of Township Supervisors*, 1998 ND 165, ¶ 8, 583 N.W.2d 817. Issuance of the writ is left to the sound discretion of the district court, and we will not reverse the court unless the writ should not issue as a matter of law or the court abused its discretion. *Robot Aided Mfg., Inc. v. Moore*, 1999 ND 14, ¶ 10, 589 N.W.2d 187. A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process. *Gowin v. Trangsrud*, 1997 ND 226, ¶ 8, 571 N.W.2d 824.

[¶ 10] Although the district court denied the writ based on the merits of the parties' dispute, we will not set aside a correct result merely because the trial court assigned an incorrect reason if the result is the same under the correct law and reasoning. *Almont Lumber & Equipment Co. v. Dirk*, 1998 ND 187, ¶ 10, 585 N.W.2d 798. Mandamus is not available if an appeal is authorized from an adverse decision of an administrative agency. *Tooley v. Alm*, 515 N.W.2d 137, 140 (N.D. 1994). In *Lende v. North Dakota Workers' Compensation Bureau*, 1997 ND 178, ¶¶ 14–22, 568 N.W.2d 755, decided before the Bureau issued its September 30, 1997 order dismissing Frank's claim for benefits, we held if a claimant petitions for reconsideration or requests a formal hearing, and the Bureau fails to act on that request within 30 days, the request is deemed denied, the order becomes final, and the claimant can appeal. *See also Boger v. North Dakota Workers Compensation Bureau*, 1998 ND 131, ¶ 12, 581 N.W.2d 463; *Gregory v. North Dakota Workers Compensation Bureau*, 1998 ND 94, ¶ 13, 578 N.W.2d 101. Frank had the right to directly appeal to the district court after the Bureau failed to "take some affirmative action toward the arrangement of the formal hearing within thirty days of the filing of the petition." *Lende*, 1997 ND 178, ¶ 20, 568 N.W.2d 755.

[¶ 11] We recognize an argument could be made that *Lende* is not applicable in this case because N.D.C.C. § 65–01–16(7) provides "[a]bsent a timely and sufficient request for rehearing, the administrative order is final and may not be reheard or appealed." *See* 1997 N.D. Sess. Laws ch. 532, §§ 1, 7.[1] However, we decline to hold the subjective decision of the Bureau whether a request for rehearing is "timely and sufficient" is not reviewable on direct appeal. Section 65–01–16(7), N.D.C.C., does not provide that a determination the request is untimely or insufficient may not be reheard or appealed. Rather, it is the "administrative order" under the statute which is final and may

---

1. The Legislature in 1999 amended N.D.C.C. § 65–01–16. *See* 1999 N.D. Sess. Laws ch. 553. Effective July 1, 1999, N.D.C.C. § 65–01–16(12) provides "[t]his section is effective for all orders and decisions on all claims regardless of the date of injury or the date the claim was filed."

not be reheard or appealed if the request for rehearing is not timely or sufficient. The "administrative order" is the order issued on the merits by the Bureau after a request for reconsideration from the Bureau's informal review. N.D.C.C. § 65–01–16(5). The "rehearing" provided in section 65–01–16(7), N.D.C.C., is in reality a request for a formal hearing, which is to be conducted under the provisions of N.D.C.C. ch. 28–32. N.D.C.C. § 65–01–16(8). *See also Steele v. North Dakota Workmen's Comp. Bur.*, 273 N.W.2d 692 (N.D.1978) (holding a formal hearing is required whenever Bureau acts in a quasi-judicial capacity). Therefore, while the statute does prohibit an appeal of the merits of the Bureau order if no timely and sufficient request for rehearing is made, the statute does not prohibit an appeal challenging the Bureau's determination the request for rehearing was insufficient.

[¶ 12] Our construction of the statute is supported by the Bureau's own interpretation. The Bureau in its brief to this Court not only conceded *Lende* still applies but argued if "Frank is correct in her assertions as to the adequacy of her request for rehearing, she should have appealed to district court." The construction of a statute by an administrative agency charged with its execution is entitled to weight and we will defer to a reasonable interpretation of that agency unless it contradicts clear and unambiguous statutory language. *E.g., Lee v. North Dakota Workers Comp. Bureau*, 1998 ND 218, ¶ 11, 587 N.W.2d 423. Under *Lende,* Frank had the right to directly appeal to the district court, but failed to do so and instead sought a writ of mandamus.

[¶ 13] Although exhaustion of remedies is not required if exhaustion would be futile, *Tracy v. Central Cass Public School*, 1998 ND 12, ¶ 13, 574 N.W.2d 781, or if a case involves only the interpretation of an unambiguous statute, *Medcenter One v. North Dakota State Board of Pharmacy*, 1997 ND 54, ¶ 21, 561 N.W.2d 634, neither exception applies under the facts of this case. Because Frank had a plain, speedy and adequate remedy in the ordinary course of law, we conclude the district court did not abuse its discretion in denying Frank's petition for an alternative writ of mandamus.

### III

[¶ 14] The judgment is affirmed.

[¶ 15] VANDE WALLE, C.J., MARING, KAPSNER and SANDSTROM, JJ., concur.