2002 ND 179

**W.J. WILSON, Petitioner and Appellant**

v.

**Allen M. KOPPY, Respondent and Appellee.**

**No. 20020161.**

Supreme Court of North Dakota.

Nov. 5, 2002.

W.J. Wilson (on brief), Bismarck, pro se, for petitioner and appellant.

Brian David Grosinger (on brief), Assistant State's Attorney, Mandan, for respondent and appellee.

MARING, Justice.

[¶1] W.J. Wilson, Jr., appearing pro se, appeals from an order denying his Petition for Writ of Mandamus to compel Morton County State's Attorney Allen M. Koppy to prosecute. We affirm.

[¶2] While in the custody of the North Dakota State Department of Corrections, Wilson petitioned the Morton County District Court for a writ of mandamus. In the petition, Wilson asked the court to require the State, specifically Morton County State's Attorney Koppy, to initiate the prosecution of Wilson's wife and her alleged lover for the crimes of adultery and unlawful cohabitation under N.D.C.C. §§ 12.1–20–09 and 12.1–20–10, respectively. The one-page petition was unsigned, contained no accompanying affidavit from Wilson, and was not served on the State. Wilson did not submit a filing fee, but rather, he included an Application to Proceed in Forma Pauperis with his petition. All of Wilson's pleadings were stamped filed by the clerk of court, but not given a case number. On May 17, 2002, Wilson's Application to Proceed in Forma Pauperis was denied by the trial court. Thereafter, the clerk of court mailed back to Wilson all of the documents which he had submitted to the court for filing, including his Petition for Writ of Mandamus and his Application to Proceed in Forma Pauperis. The letter which accompanied the documents stated that the documents were being returned because the trial court had denied Wilson's Application to Proceed in Forma Pauperis. In response, Wilson mailed all the documents back to the court with a letter requesting a filing number for the case and the name of the presiding judge. In the letter, Wilson also accused the clerk

of lying to him and denying him his right to due process. After receiving Wilson's resubmitted documents, the trial court entered an Order on May 30, 2002, denying Wilson's Petition for Writ of Mandamus on the grounds that Koppy had exercised his discretion in not prosecuting. This Order was filed by the clerk of court and mailed to Wilson and Koppy. Wilson appeals from this Order.

[¶3] Wilson argues on appeal that it is his right to have his wife and her alleged lover prosecuted for adultery and unlawful cohabitation. Specifically, Wilson contends that it is the State's Attorney's duty to initiate prosecution under N.D.C.C. § 11–16–01(2) and claims that Koppy has chosen not to prosecute in this matter solely because of the type of crime that is being alleged. Because of Koppy's alleged breach of this duty to prosecute and Wilson's alleged absolute right to such prosecution, Wilson reasons that the trial court erred when it refused to issue a writ of mandamus ordering Koppy to prosecute. We disagree with Wilson's position.

I

[¶4] Before specifically addressing Wilson's Petition for Writ of Mandamus and the Order denying the issuance of the writ, the issue concerning the quashing of Wilson's Notice of Appeal must be resolved.

[¶5] After Wilson filed a Notice of Appeal on June 6, 2002, challenging the trial court's Order denying the Petition for Writ of Mandamus, the trial court clerk served Wilson's Notice of Appeal on the Assistant County State's Attorney. In reply, the State filed an "Omnibus Response to Multiple Attempted Filings by the Captioned Plaintiff" with the trial court on June 13, 2002, asking it to quash Wilson's Notice of Appeal. In the Omnibus Response, the State contended that since the filing fee

was neither paid nor waived for Wilson's original Petition for Writ of Mandamus, the case was improperly filed and, therefore, could not be appealed. On June 18, 2002, the trial court granted the State's Omnibus Response, quashing Wilson's Notice of Appeal and further instructing the clerk "to ignore documents unaccompanied by authorization or fee for filing in regard to this matter. . . ."

[¶ 6] The State contends the trial court properly quashed Wilson's Notice of Appeal. According to the record, Wilson filed his Notice of Appeal with the Morton County District Court on June 6, 2002. Ordinarily, a trial court loses its jurisdiction when a notice of appeal is filed. *See State v. Meier*, 422 N.W.2d 381, 386 (N.D.1988) (stating "It is well recognized that unless otherwise provided by law, the trial court loses jurisdiction over a matter once an appeal is filed in that matter."). There are, however, exceptions to that general rule. *See, e.g., United Accounts, Inc. v. Teladvantage, Inc.*, 499 N.W.2d 115, 119 (N.D.1993) (concluding that a trial court does not lose jurisdiction when a patently frivolous notice of appeal is filed); *Schmidt v. Schmidt*, 325 N.W.2d 230, 233 (N.D.1982) (finding an exception to the general rule when determining attorney fees on appeal in divorce cases); *Thomas C. Roel Assocs., Inc. v. Henrikson*, 303 N.W.2d 543, 544 (N.D.1981) (holding that an untimely filed notice of appeal does not cause a trial court to lose jurisdiction). Here, the State never argued any exception to the general rule controlled. Because the State's motion and the trial court's Order quashing Wilson's Notice of Appeal were filed after the Notice of Appeal was filed and no exception to the general rule applies, the trial court was without jurisdiction. An order entered by a court without proper jurisdiction is void and can be vacated. *See Albrecht v. Metro*

*Area Ambulance*, 1998 ND 132, ¶¶ 11, 17, 580 N.W.2d 583. The trial court lost jurisdiction of the case once the Notice of Appeal was filed; the order quashing Wilson's Notice of Appeal, therefore, is void and vacated.

II

[¶ 7] The State argues that this Court does not have jurisdiction to hear this appeal since the case at the trial court level "does not exist." The State bases its contention on the fact that a filing fee was neither paid to the trial court nor waived by the trial court. We disagree with the State's position.

[¶ 8] Although Wilson's Application to Proceed in Forma Pauperis was denied by the trial court on May 17, 2002, the court later proceeded to rule on the matter by issuing an Order denying Wilson's Petition for Writ of Mandamus on May 30, 2002. While not suggesting courts should follow this procedure, we hold that by issuing the May 30, 2002 Order, the trial court was impliedly waiving the filing fee in this matter.

[¶ 9] North Dakota law authorizes the waiver of filing fees connected with any civil case by the filing of an in forma pauperis petition accompanied by a sworn affidavit establishing indigency. *See* N.D.C.C. § 27–01–07 (1991). The statute specifically states that the determination of whether to waive filing fees is left to the court's discretion. *Id.* Further, the legislature intended that a court exercise its discretion when reviewing requests to proceed in forma pauperis. *See Patten v. Green*, 369 N.W.2d 105, 107 (N.D.1985). The trial court initially exercised its discretion and denied Wilson's Application to Proceed in Forma Pauperis, but upon further consideration, the trial court ruled on Wilson's Application, exercising its discretion to not require a filing fee.

[¶ 10]   We will not disturb a trial court's decision to grant an application to proceed in forma pauperis unless the trial court abused its discretion. *See id.* "A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Vogel v. Braun,* 2001 ND 29, ¶ 5, 622 N.W.2d 216.   We are not convinced that the trial court abused its discretion when it waived the filing fee in this matter.

### III

[¶ 11]   Wilson argues that because he is entitled to have his wife and her alleged lover criminally prosecuted for adultery and unlawful cohabitation, the trial court erred when it denied his Petition for Writ of Mandamus.   He contends Koppy has neglected his duty under North Dakota law to "[i]nstitute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses when the state's attorney has information that such offenses have been committed, ..." N.D.C.C. § 11–16–01(2) (2001).   Wilson further contends that by not prosecuting, the state's attorney is "effectively [r]epeal[ing] [a] law by [c]ategorically [r]efusing [t]o prosecute one kind of crime."   Wilson argues it was error for the trial court to refuse to issue a writ of mandamus compelling Koppy to prosecute because of his alleged right to this prosecution.   We disagree with Wilson's position.

[¶ 12]   This Court has held that it will not reverse a trial court's determination of whether to issue a writ of mandamus, "unless the writ should not issue as a matter of law or the court abused its discretion." *Frank v. Traynor,* 1999 ND 183, ¶ 9, 600 N.W.2d 516.

[¶ 13]   In order for a court to issue a writ of mandamus, the applying party must show both a clear legal right to performance of the particular act sought to be compelled and no other plain, speedy, and adequate remedy in the ordinary course of law. *See* N.D.C.C. §§ 32–34–01, 32–34–02; *Christianson v. City of Bismarck,* 476 N.W.2d 688, 689 (N.D.1991); *Old Broadway Corp. v. Backes,* 450 N.W.2d 734, 736 (N.D.1990).

[¶ 14]   The trial court in this case was correct in not issuing a writ of mandamus, as there remained a plain, speedy, and adequate remedy available to Wilson under N.D.C.C. § 11–16–06. *See Olsen v. Koppy,* 1999 ND 87, 593 N.W.2d 762 (where petitioner asked the trial court to appoint a private attorney under N.D.C.C. § 11–16–06 to initiate a criminal prosecution).   Section 11–16–06 vests in the district court judge the power to appoint an attorney when a state's attorney has "refused or neglected to perform any of the duties prescribed in subsections 2 through 6 of section 11–16–01, ..." In this case, Wilson did not seek the appointment of a private attorney under N.D.C.C. § 11–16–06, but rather asked the court for a writ of mandamus.   Before the trial court could properly consider the merits of Wilson's Petition for Writ of Mandamus, Wilson must first have shown that he had no other adequate remedy.   Since Wilson did have an adequate remedy under § 11–16–06, he did not meet the criteria for the issuance of a writ of mandamus.   The trial court should have denied his petition on these grounds.   Although the trial court denied the writ based on the state's attorney's proper exercise of prosecutorial discretion, "we will not set aside a correct result merely because the trial court assigned an incorrect reason if the result is the same under the correct law and reasoning." *Frank,* 1999 ND 183, ¶ 10, 600

N.W.2d 516. As a matter of law, Wilson was not entitled to a writ of mandamus. Therefore, the trial court did not err when it denied Wilson's Petition for Writ of Mandamus.

[¶ 15] We vacate the trial court's order quashing the Notice of Appeal and affirm the trial court's Order denying Wilson's Petition for Writ of Mandamus.

[¶ 16] VANDEWALLE, C.J., and NEUMANN, SANDSTROM and KAPSNER, JJ., concur.