669 N.W.2d 95 (2003)
2003 ND 147
In the Matter of the GUARDIANSHIP OF Neva J. SHATZKA, an Alleged Incapacitated Person.
Myron Miller, Petitioner and Appellee,
v.
Neva J. Shatzka, Respondent and Appellant.
No. 20030047.
Supreme Court of North Dakota.
September 23, 2003.
*96 Theresa L. Zimmerman, American Legal Services, Bismarck, ND, for petitioner and appellee.
Bradley D. Peterson, Legal Assistance of North Dakota, Bismarck, ND, for respondent and appellant.
NEUMANN, Justice.
[¶ 1] Neva J. Shatzka has appealed an order dismissing Myron Miller's petition for appointment of a guardian for Shatzka and ordering Miller "to provide for reasonable compensation from the ward's estate if the compensation will not unreasonably jeopardize the ward's well-being." We affirm dismissal of the petition, and we reverse that part of the order authorizing compensation from Shatzka's estate.

I
[¶ 2] Shatzka is the beneficiary of a trust established for her benefit by her parents in 1989. Miller, Shatzka's brother, is a co-trustee of the trust. Based on the urging of social workers involved with Shatzka, Miller, individually, and not as a trustee, petitioned for appointment of a guardian for Shatzka. The trial court appointed a guardian ad litem, a visitor, and a clinical psychologist. The psychologist reported, in part:
Mrs. Shatzka should be well able to make reasoned psychosocial decisions regarding important issues such as financial matters or place of residence. She should be able to make these decisions on an independent basis.
At this time, no need for guardianship is evident. If follow-up evaluation is desired, this is recommended in approximately one year.
Miller moved to dismiss the petition and sought payment of costs and attorney fees.
[¶ 3] After a hearing, the trial court issued conclusions of law:

I.
This Court interprets N.D.C.C. § 30.1-28-03(9) to provide for the award of costs associated with a proceeding under the Chapter out of the assets owned by the proposed ward. Here, the *97 Petitioner seeks to utilize funds in the Neva J. Shatzka trust to pay his costs incurred in the proceeding.
....

III.
The Court interprets the trust to authorize the trustee to proceed [to] pay the costs associated with this proceeding as he deems them to be reasonable.

IV.
This opinion of the Court would contemplate payment of reasonable costs associated with a proceeding of this type, including the attorney's fees, and costs incurred for a guardian ad litem, visitor, or other ancillary expenses.
The order entered provides:
a) The action for guardianship over Neva Shatzka is herein dismissed.
b) The Petitioner is to provide for reasonable compensation from the ward's estate if the compensation will not unreasonably jeopardize the ward's well-being. More specifically, reasonable compensation shall include costs associated with this proceeding incurred on and after the time of the Petition in April, 2002.

II
[¶ 4] Shatzka appealed, contending the court erred or abused its discretion in construing N.D.C.C. § 30.1-28-03(9) as allowing payment of costs and attorney fees to Miller and in directing Miller be compensated for costs and attorney fees from Shatzka's trust.
[¶ 5] Section 30.1-28-03(9), N.D.C.C., provides:
If the court approves a visitor, lawyer, physician, guardian, or temporary guardian appointed in a guardianship proceeding, that person may receive reasonable compensation from the ward's estate if the compensation will not unreasonably jeopardize the ward's wellbeing.
"Issues involving the application and interpretation of statutes are questions of law fully reviewable by this Court." Public Serv. Comm'n v. Wimbledon Grain Co., 2003 ND 104, ¶ 20, 663 N.W.2d 186. In construing a statute, "our duty is to ascertain the Legislature's intent, which initially must be sought from the statutory language itself, giving it its plain, ordinary, and commonly understood meaning." Id. We construe statutes as a whole and harmonize them to give meaning to related provisions. Id. at ¶ 21. Under N.D.C.C. § 1-01-09, "[w]hen the meaning of a word or phrase is defined in a section of our Code, that definition applies to any use of the word or phrase in other sections of the Code, except when a contrary intent plainly appears." Adams County Record v. Greater North Dakota Ass'n, 529 N.W.2d 830, 834 (N.D.1995). Under N.D.C.C. § 30.1-26-01(6), "[a] `ward' is a person for whom a guardian or limited guardian has been appointed." Under N.D.C.C. § 30.1-01-06(15), the word, "estate," "includes the property of" a "person whose affairs are subject to" Title 30.1, N.D.C.C. Here, the petition for appointment of a guardian for Shatzka was dismissed. Thus, Shatzka is not a ward, and there is no "ward's estate" from which to order payment of compensation.
[¶ 6] Moreover, the legislative history behind N.D.C.C. § 30.1-28-03(9), adopted in 1999, also clearly shows the legislature's intent that compensation may not be required of a person for whom someone petitioned for appointment of a guardian if a guardian is not appointed. As introduced in 1999, § 1 of S.B. 2327 provided:

*98 If not otherwise compensated for services rendered, any visitor, lawyer, physician, guardian, or temporary guardian appointed in a guardianship proceeding is entitled to receive reasonable compensation from the estate.

Two attorneys suggested amendments which were incorporated in the bill enacted and now codified as N.D.C.C.§ 30.1-28-03(9). One of those attorneys testified, in part: "As amended, this provides for payment only in those cases in which a guardian is approved." Hearing on S.B. 2327 Before the House Human Services Comm., 56th N.D. Legis. Sess. (Mar. 2, 1999) (testimony of Melvin L. Webster, an attorney practicing in Bismarck) ["Hearing on S.B. 2327"]. The other attorney testified, in part: "fees can be taken involuntarily from a ward or proposed ward only when... the petition proves well-founded by court appointment of a guardian," and further testified: "SB2327 would not force the proposed ward to foot the bill when the judge agrees the proposed ward does not need guardianship-related services." Hearing on S.B. 2327, supra, (testimony of David Boeck, a state employee and lawyer for the Protection & Advocacy Project).
[¶ 7] In light of the language in N.D.C.C. §§ 30.1-01-06(15), 30.1-26-01(6) and 30.1-28-03(9), and the legislative history of N.D.C.C. § 30.1-28-03(9), we conclude the trial court erred in ordering compensation from Shatzka's estate under N.D.C.C. § 30.1-28-03(9).
[¶ 8] While the trial court's musings in its conclusions of law indicate a belief that costs and attorney fees Miller incurred in the proceedings could be paid by the trust, neither Shatzka's trust, nor its trustees were parties to the proceeding, and the court's order did not direct payment from the trust. We need not construe the trust instrument to determine if it authorizes the trustees to pay the costs and attorney fees involved in petitioning for appointment of a guardian for Shatzka. Anything we might say about that issue would be purely advisory. "We do not render advisory opinions." Opp v. Ward County Soc. Servs. Bd., 2002 ND 45, ¶ 25, 640 N.W.2d 704.

III
[¶ 9] The order appealed from is affirmed to the extent it dismissed the petition for guardianship, and is reversed to the extent it ordered compensation from Shatzka's estate.
[¶ 10] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.