2004 ND 42

**Jerry L. WUTZKE, Petitioner and Appellant**

v.

**Allen C. HOBERG, in his official capacity as Director of the Office of Administrative Hearings and Bonny M. Fetch, in her official capacity as an Administrative Law Judge for the Office of Administrative Hearings, Respondents and Appellees**

and

**Burleigh County, N.D., Intervenor and Appellee.**

No. 20030300.

Supreme Court of North Dakota.

Feb. 25, 2004.

Michael Geiermann, Schulz Lervick Geiermann & Bergeson Law Offices, Bismarck, N.D., for petitioner and appellant.

Douglas Alan Bahr, Solicitor General, Attorney General's Office, Bismarck, N.D., for respondents and appellees.

Lloyd Clayton Suhr, Assistant State's Attorney, Bismarck, N.D., for intervenor and appellee.

MARING, Justice.

[¶ 1] Jerry L. Wutzke appealed from a district court judgment denying his petition for a writ of mandamus. We affirm, holding Wutzke had a plain, speedy and adequate remedy in the ordinary course of the law, and the trial court did not abuse its discretion in denying Wutzke's petition.

I

[¶ 2] Wutzke was employed as a deputy sheriff with the Burleigh County Sheriff's Department until June 5, 2003 when he was terminated by the sheriff. Wutzke appealed his termination and requested an administrative hearing. Allen Hoberg, the Director of the Office of Administrative Hearings, appointed Administrative Law Judge Bonny Fetch to conduct the hearing. Wutzke filed a petition requesting that Fetch disqualify herself from hearing the case on the ground she is not a licensed attorney and, therefore, is not qualified, under N.D.C.C. § 54–57–01(3), to act as a hearing officer in the case. The petition for disqualification was denied, and Wutzke then petitioned the Director to remove Fetch and to assign another administrative law judge to hear the case. Hoberg denied the request, and Wutzke then filed a petition with the district court for a writ of mandamus to compel Hoberg to appoint a licensed attorney to hear the case. The district court denied the petition, concluding that Fetch, although not a licensed attorney, was grandfathered in by the statute to hear the case as an administrative law judge.

II

[¶ 3] On appeal, Wutzke asserts the trial court erred in interpreting N.D.C.C. § 54–57–01(3) to not require the appointment of a licensed attorney to conduct the termination hearing. Section 32–34–01, N.D.C.C., governs the issuance of writs of mandamus:

> The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is precluded unlawfully by such inferior tribunal, corporation, board, or person.

The party seeking a writ of mandamus bears the burden of demonstrating a clear legal right to the performance of the particular acts sought to be compelled by the writ. *Krabseth v. Moore*, 1997 ND 224, ¶ 6, 571 N.W.2d 146. He must also demonstrate there is no other plain, speedy and adequate remedy in the ordinary course of law. *Wilson v. Koppy*, 2002 ND 179, ¶ 13, 653 N.W.2d 68. Issuance of the writ is left to the sound discretion of the trial court. *Frank v. Traynor*, 1999 ND 183, ¶ 9, 600 N.W.2d 516. This Court will not reverse a trial court's denial of a writ of mandamus absent an abuse of discretion. *Gottbreht v. State*, 1999 ND 159, ¶ 10, 598 N.W.2d 794. The trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.*

[¶ 4] A party to an administrative agency proceeding has a right to appeal from an order of the agency. N.D.C.C. § 28–32–42. Within the scope of that appeal, a party may raise as issues whether the agency decision was in accordance with the law, whether the proceedings were in compliance with the statute, and whether the agency afforded the appellant a fair hearing. N.D.C.C. § 28–32–46. Consequently, Wutzke would have a right to appeal from an adverse determination on the merits of his termination hearing and could raise the issue in that appeal whether the agency failed to comply with the statute because the administrative law judge was not a licensed attorney. Mandamus is not available if an appeal is authorized from an adverse decision of an administrative agency and the applicant has failed to pursue and exhaust those appeal rights. *Frank*, 1999 ND 183, ¶ 10, 600 N.W.2d 516.

[¶ 5] The trial court denied the writ on the ground the appointed administrative law judge was qualified to conduct the hearing. Because we hold mandamus is not available in this case we do not reach that issue. We affirm the district court because it has reached the correct result. *See Wilson*, 2002 ND 179, ¶ 14, 653 N.W.2d 68 (quoting *Frank v. Traynor*, 1999 ND 183, ¶ 10, 600 N.W.2d 516). We, therefore, hold the district court did not abuse its discretion in denying the writ of mandamus, because Wutzke has failed to demonstrate he has no other plain, speedy and adequate remedy in the ordinary course of law.

[¶ 6] We affirm the judgment of the district court denying Wutzke's petition for writ of mandamus.

[¶ 7] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.