2004 ND 185

**Albert KOUBA, Petitioner and Appellee**

**v.**

**John HOEVEN, North Dakota Governor, Executive Officer of all ND State Administrative Agencies and Departments, Respondent and Appellant.**

**No. 20040138.**

Supreme Court of North Dakota.

Oct. 12, 2004.

Albert Kouba, pro se, Williston, ND, petitioner and appellee.

Andrew Moraghan, Assistant Attorney General, Bismarck, ND, for respondent and appellant.

KAPSNER, Justice.

[¶ 1] John Hoeven, Governor of the State of North Dakota, appealed a judgment ordering the North Dakota Department of Transportation ("Department") to issue a replacement motor vehicle operator's license to Albert Kouba. We conclude Kouba failed to demonstrate a clear legal right to issuance of the license he sought to compel with a petition for a writ of mandamus, and we reverse.

[¶ 2] Kouba's July 24, 1998, operator's license expired on March 24, 2002. On March 28, 2002, the Department received a request from Kouba for a renewal license. In his letter, Kouba said he "will not be back in North Dakota for a few months, as I'm on business all across the nation." On April 2, 2002, the Department mailed to Kouba a license, which stated it was valid

without a photo or signature and expires "03–24–2006." The license was accompanied by a form letter stating in part "[t]his license can be used to legally drive until you are able to return to this state," and "[u]pon returning to North Dakota, a drivers license with a photo and signature must be obtained immediately."

[¶ 3] Kouba was stopped and ticketed by law enforcement officers in North Dakota in February, April, and November of 2003, when the officer seized the license issued on April 2, 2002, and mailed it to the Department. In a February 6, 2004, letter, the Department told Kouba he would not be issued a license until he provided. a social security number or a letter from the Social Security Administration verifying he is not eligible for a social security number.

[¶ 4] In a March 1, 2004, petition for a writ of mandamus, Kouba sought "an immediate Order Commanding John Hoeven, North Dakota Governor, to issue Petitioner a North Dakota driver's license upon receipt of the Writ, as the State of North Dakota refuses to return the drivers license of Petitioner." A judgment was entered ordering the Department to "issue a replacement driver's license to [Kouba] without requiring him to provide a social security number so long as [Kouba] meets all other statutory requirements, including photo and signature." Governor Hoeven appealed, contending Kouba failed to prove he has a clear legal right to an operator's license.

[¶ 5] A petitioner for a writ of mandamus must demonstrate a clear legal right to performance of the act sought to be compelled by the writ and must demonstrate there is no other plain, speedy, and adequate remedy in the ordinary course of the law. *Wutzke v. Hoberg*, 2004 ND 42, ¶ 3, 675 N.W.2d 179. Issuance of a writ of mandamus is left to the sound discretion of the trial court. *Id.* A trial court abuses its discretion if it acts in an arbitrary or capricious manner, or if it misapplies or misinterprets the law. *City of Fargo v. Habiger*, 2004 ND 127, ¶ 31, 682 N.W.2d 300.

[¶ 6] Disposition of Kouba's petition for a writ of mandamus and resolution of this appeal turn on the meaning of N.D.C.C. §§ 39–06–07 and 39–06–19. Section 39–06–07, N.D.C.C., provides, in part:

1. Every application for an instruction permit or for an operator's license must be made upon a form furnished by the director.

2. Every application must state the full name, date of birth, sex, social security number, residence and mailing address, and briefly describe the applicant. . . . The application must contain such other information as the director may require.

Section 39–06–19, N.D.C.C., provides, in part:

1. Every operator's license issued under this chapter expires and is renewed according to this section.

. . . .

3. An applicant for renewal must present the application with fee for renewal of license to the director not before ten months before the expiration date of the operator's license. The director may require an examination of an applicant as upon an original application. After the initial application for a license in this state, the director may not require an applicant for renewal, replacement, or a substitute to provide a social security card unless the applicant is changing the distinguishing number on the license to the applicant's social security number.

. . . .

5. Every person submitting an application and fee for renewal of license one

year or more after the expiration of a license, except an applicant whose military service has terminated less than thirty days prior to such application, must be treated as a new driver.

The trial court concluded N.D.C.C. § 39–06–07(2) "appears to apply to those applying for new North Dakota licenses, as N.D.C.C. § 39–06–19 is specific to renewals of licenses," and ordered the Department to "issue a replacement license to the Petitioner without requiring him to provide a Social Security Number so long as the Petitioner meets all other statutory requirements, including photo and signature."

[¶ 7] "The interpretation of a statute is a question of law, fully reviewable on appeal." *Johnson v. North Dakota Department of Transp.*, 2004 ND 148, ¶ 5, 683 N.W.2d 886. The primary goal of statutory construction is to ascertain the legislature's intent. *Id.* at ¶ 7. We first look at the plain language of the statute and give every word its ordinary meaning, unless a contrary intention plainly appears. *Id.* at ¶ 7. "We construe the statute as a whole and give effect to each of its provisions, if possible." *Id.* at ¶ 7. If possible, we construe two statutes on the same subject to harmonize them and give effect to both. *State v. Higgins*, 2004 ND 115, ¶ 13, 680 N.W.2d 645.

[¶ 8] Construing N.D.C.C. §§ 39–06–07 and 39–06–19 in accordance with our rules of statutory construction, we conclude that an application for a motor vehicle operator's license under either statute must contain the applicant's social security number.[1] While N.D.C.C. § 39–06–19(3), states "[a]fter the initial application for a license . . . the director may not require an applicant for renewal . . . to provide a social security card," it does not relieve an applicant of the duty of providing a social security number on the application. We, therefore, conclude Kouba did not present the Department with a complete application containing his social security number, and did not demonstrate a clear legal right to performance of the act sought to be compelled by his petition for a writ of mandamus. We further conclude that the trial court misinterpreted and misapplied the unambiguous provisions of N.D.C.C. §§ 39–06–07 and 39–06–19. Because the trial court misinterpreted N.D.C.C. §§ 39–06–07 and 39–06–19 and Kouba did not demonstrate a clear legal right to performance of the act sought to be compelled by his petition for a writ of mandamus, we conclude the trial court abused its discretion in ordering issuance of a license to Kouba without the provision of a social security number.

[¶ 9] The judgment is reversed to the extent it orders the Department to issue a license to Kouba without requiring him to provide a social security number.

[¶ 10] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.

---

1. Kouba has not raised any constitutional issues. Thus, we need not address any possible constitutional impediments to the requirement that an application for a motor vehicle operator's license contain the applicant's social security number.