2005 ND 79

**Carla EDINGER, Petitioner
and Appellant**

v.

**THE GOVERNING AUTHORITY OF
the STUTSMAN COUNTY CORREC-
TIONAL CENTER AND LAW EN-
FORCEMENT CENTER, Respondent
and Appellee.**

No. 20040233.

Supreme Court of North Dakota.

April 26, 2005.

Michael Geiermann, Schulz Lervick Geiermann & Bergeson Law Offices, P.C., Bismarck, ND, for petitioner and appellant.

Gary R. Thune, Pearce & Durick, Bismarck, ND, for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] Carla Edinger appealed from a district court judgment denying her petition for a writ of mandamus. We affirm, concluding the Governing Authority of the Stutsman County Correctional Center and Law Enforcement Center ("the Governing Authority") did not violate the open meeting law when it held a closed executive session to discuss Edinger's complaint about changes in her pay and employment duties.

I

[¶ 2] Edinger works at the Stutsman County Correctional Center. On December 19, 2003, she was informed her employment duties would change and her pay would be reduced. The changes in duties and pay were not related to a disciplinary action, but resulted from a reorganization of positions.

[¶ 3] On January 20, 2004, Edinger's attorney wrote a letter to the administrator of the Stutsman County Correctional Center, requesting clarification of whatever appeal rights Edinger might have and indicating that Edinger intended to appeal the employment decision. The Stutsman County State's Attorney telephoned Edinger's attorney and advised him there was no substantive appeal available to Edinger, but indicated Edinger could seek an "audience" with the personnel committee or the county board.

[¶ 4] A few days after this telephone conversation, the Governing Authority held an open public meeting. During this meeting, the Governing Authority decided to go into executive session to discuss potential legal actions relating to the job reclassifications. Members of the public in attendance were asked to leave the meeting room, and the Governing Authority met in executive session with the State's Attorney and tape-recorded those proceedings.

[¶ 5] Believing that the Governing Authority's decision to meet in executive session violated the open meeting law, Edinger requested that she be provided a copy of the tape recording of the executive session. When the Governing Authority denied her request, Edinger formally requested an Attorney General's opinion under N.D.C.C. § 44–04–21.1. The Attorney General issued an opinion concluding the Governing Authority had not violated the open meeting law when it met in executive session.

[¶ 6] Edinger then filed a petition for a writ of mandamus in the district court, seeking to compel the Governing Authority to provide a copy of the tape. The district court determined the Governing Authority's discussion of the reclassification issues fell within the "attorney consultation" exemption from the open meeting law, and denied Edinger's petition for a writ of mandamus. Judgment was entered dismissing the action with prejudice. Edinger has appealed to this Court, arguing that the Governing Authority's decision to meet in executive session violated the open meeting law.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 32–34–01. *See Tooley v. Alm,* 515 N.W.2d 137, 138–39 (N.D.1994). Edinger's appeal was timely under N.D.R.App.P. 4(a)(1). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

II

[¶ 8] Section 32–34–01, N.D.C.C., governs issuance of writs of mandamus:

The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is precluded unlawfully by such inferior tribunal, corporation, board, or person.

A petitioner for a writ of mandamus must demonstrate a clear legal right to performance of the particular act sought to be compelled by the writ, and must demon-

strate that there is no other plain, speedy, and adequate remedy in the ordinary course of law. *Kouba v. Hoeven,* 2004 ND 185, ¶ 5, 687 N.W.2d 491; *Wutzke v. Hoberg,* 2004 ND 42, ¶ 3, 675 N.W.2d 179. Issuance of a writ of mandamus is left to the sound discretion of the trial court. *Kouba,* at ¶ 5; *Wutzke,* at ¶ 3. This Court will not reverse a trial court's denial of a petition for a writ of mandamus unless the trial court has abused its discretion. *Wutzke,* at ¶ 3; *Nagel v. City of Bismarck,* 2004 ND 9, ¶ 10, 673 N.W.2d 267. A trial court abuses its discretion only if it acts in an arbitrary, unreasonable, or capricious manner, or if it misapplies or misinterprets the law. *Kouba,* at ¶ 5; *Wutzke,* at ¶ 3.

### III

■ [¶ 9] Under N.D.C.C. § 44–04–19, meetings of the governing body of a public entity must ordinarily be open to the public. The parties agree, meetings of the Governing Authority are covered by the statute. The Governing Authority claims, however, that it was allowed to close the public meeting and go into executive session to consult with the State's Attorney about possible litigation or administrative appeals arising from the job reclassifications at the Stutsman County Correctional Center. Section 44–04–19.1(2), N.D.C.C., allows a governing body to close a meeting to consult with its attorney:

Attorney consultation is exempt from section 44–04–19. That portion of a meeting of a governing body during which an attorney consultation occurs may be closed by the governing body under section 44–04–19.2.

The scope of the attorney-consultation exemption is set out in N.D.C.C. § 44–04–19.1(4):

"Attorney consultation" means any discussion between a governing body and its attorney in instances in which the governing body seeks or receives the attorney's advice regarding and in anticipation of reasonably predictable civil or criminal litigation or adversarial administrative proceedings or concerning pending civil or criminal litigation or pending adversarial administrative proceedings. Mere presence or participation of an attorney at a meeting is not sufficient to constitute attorney consultation.

The statute defines adversarial administrative proceedings:

"Adversarial administrative proceedings" include only those administrative proceedings where the administrative agency or institution of higher education acts as a complainant, respondent, or decisionmaker in an adverse administrative proceeding. This term does not refer to those instances where the administrative agency or institution acts in its own rulemaking capacity.

N.D.C.C. § 44–04–19.1(5).

[¶ 10] The dispositive issue presented on appeal is whether the January 20, 2004, letter from Edinger's attorney to the administrator of the Stutsman County Correctional Center could be reasonably interpreted as creating an anticipation of "reasonably predictable civil or criminal litigation or adversarial administrative proceedings" under N.D.C.C. § 44–04–19.1(4). In her brief on appeal, Edinger characterizes the January 20 letter as merely a request for clarification of whatever appeal procedures were available:

Read in context, this letter is one which asks [the administrator of the Stutsman County Correctional Center] to clarify the administrative procedures available to Ms. Edinger and other county employees who may be considering some type of administrative appeal of employment actions taken by the Governing Authority. It must be noted at

this point that there is nothing in the letter of January 20, 2004, or any subsequent correspondence which threatens litigation against the Stutsman County Governing Authority for its actions involving Edinger or any other employee. At best, the letter is one which asks for a clarification of available grievance or appeal procedures.

[¶ 11] The actual language of the January 20 letter, however, goes well beyond a simple request for "clarification" of available procedures, and directly states that Edinger would be taking further action. The letter includes the following statements:

- There is no doubt that Ms. Edinger will be appealing the decision to demote her.

- Once you have properly advised us of the correct procedures, I will be filing the appeal on her behalf.

- I am sure that once we have resolved the issue of the correct procedure, there will be other grievances and appeals filed in regards to actions you have taken in regards to other employees.

The letter further questions whether Edinger may be entitled to the same rights as state employees regarding grievances, and suggests that "Ms. Edinger would be entitled to a whole host of administrative remedies which would include remedies not only at the county level but also at the state level."

[¶ 12] Edinger suggests that because the letter did not directly threaten litigation, it did not provide the basis for application of the attorney-consultation exemption to the open meeting law. The statute does not say, however, that there has to be either pending or threatened litigation. Rather, it provides an exemption when there will be a discussion between a governing body and its attorney to receive "the attorney's advice regarding and in anticipation of reasonably predictable civil or criminal litigation or adversarial administrative proceedings." This language indicates the governing body may consult its attorney if there is a reasonable probability of some form of legal action, either litigation or an administrative proceeding.

[¶ 13] The Attorney General reviewed the January 20, 2004, letter and concluded it was reasonable for the Governing Authority to believe there was a "realistic and tangible threat of litigation or an adversarial administrative proceeding, or both." N.D. Op. Atty. Gen. 2004-O-10, at 5. Formal opinions of the Attorney General are entitled to respect, and courts should follow them if they are persuasive. *Roe v. Doe*, 2002 ND 136, ¶ 12, 649 N.W.2d 566; *North Dakota Fair Housing Council, Inc. v. Peterson*, 2001 ND 81, ¶¶ 19, 40, 625 N.W.2d 551. Although not binding on the courts, "'an Attorney General's official opinion nonetheless has important bearing on the construction and interpretation of a statute.'" *North Dakota Fair Housing Council*, at ¶ 42 (quoting *Hughes v. State Farm Mut. Auto. Ins. Co.*, 236 N.W.2d 870, 876 (N.D. 1975)). Particularly persuasive is the Attorney General's interpretation of the statutory limits of the attorney-consultation exemption:

As noted above, a governing body may close a portion of an open meeting for attorney consultation. The mere presence of the public entity's attorney at the meeting is not enough. The meeting must be held to receive and discuss the attorney's advice regarding pending or reasonably predictable civil or criminal litigation or adversarial administrative proceedings. The phrase "reasonably predictable" requires a realistic and tangible threat of litigation or adversari-

al administrative proceedings, and not a mere fear or potential of being a party to litigation or an adversarial administrative proceeding. Section 44–04–19.1, N.D.C.C., does not require a governing body to wait until the moment before a lawsuit or administrative appeal is filed before obtaining its attorney's advice in an executive session.

N.D. Op. Atty. Gen. 2004–O–10, at 5 (citations omitted). Although a remote possibility of litigation or adversarial administrative proceedings is not enough to trigger the attorney-consultation exemption, an express threat of legal action is not required. A pending legal action or an express, unequivocal threat of legal action is not required. When the information available to the governing body suggests a reasonable probability of litigation or adversarial administrative proceedings, N.D.C.C. § 44–04–19.1 authorizes the governing body to close a portion of a meeting to receive and discuss the advice of its attorney.

[¶ 14] In the January 20, 2004, letter, Edinger's counsel repeatedly indicated Edinger would be taking further action on her grievance. Counsel stated in the letter: "There is no doubt that Ms. Edinger will be appealing the decision to demote her"; "I will be filing the appeal on her behalf"; and, "I am sure … there will be other grievances and appeals filed" on behalf of other employees. The letter clearly could be interpreted as suggesting "reasonably predictable civil … litigation or adversarial administrative proceedings." Accordingly, the Governing Authority did not violate the open meeting law when it convened in executive session to discuss potential legal actions arising from the job reclassifications.

[¶ 15] Edinger also contends the district court erred in concluding adversarial administrative proceedings were reasonably predictable in this case because the Governing Authority is not an "administrative agency" as defined in N.D.C.C. § 28–32–01(2). Edinger argues that under that statutory definition, the term "administrative agency" encompasses only entities of the executive branch of state government and that the Governing Authority therefore is not an "administrative agency." Because N.D.C.C. § 44–04–19.1(5) defines "adversarial administrative proceedings" as proceedings "where the administrative agency … acts as a complainant, respondent, or decisionmaker," Edinger argues a threatened administrative appeal at the county level is not an adversarial administrative proceeding under N.D.C.C. § 44–04–19.1(5) and cannot provide the basis for invoking the attorney-consultation exemption to the open meeting law.

[¶ 16] The statutory definition of administrative agency that Edinger seeks to apply in this case is codified in N.D.C.C. ch. 28–32, the Administrative Agencies Practice Act, not in the open meeting law. When a word is defined in one section of the Century Code, that definition will ordinarily apply to use of the word in other sections of the Century Code, except when a contrary intent plainly appears. See N.D.C.C. § 1–01–09; In re Guardianship of Shatzka, 2003 ND 147, ¶ 5, 669 N.W.2d 95; Adams County Record v. Greater North Dakota Ass'n, 529 N.W.2d 830, 834 (N.D.1995). When a statutory definition, however, is limited by prefatory language such as "in this title" or "for the purposes of this title," the legislature has expressly evidenced its intent that the definition have no application beyond that act. See Northern X–Ray Co. v. State, 542 N.W.2d 733, 739 (N.D.1996) (VandeWalle, C.J., concurring specially); State v. Pacheco, 506 N.W.2d 408, 410 (N.D.1993); Ames v.

*Rose Township Bd. of Township Supervisors,* 502 N.W.2d 845, 849 (N.D.1993).

[¶ 17] The statutory definition relied upon by Edinger begins with the phrase: "In this chapter ... 'Administrative agency' or 'agency' means ...." N.D.C.C. § 28–32–01. The legislature has therefore expressly indicated its intent that the statutory definitions in that section apply only to the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. In addition, the legislature has recognized in another part of the Century Code that there may be administrative agencies at the county level. *See* N.D.C.C. § 11–10–25 (prohibiting nepotism by the head of a county "administrative department or agency"). We conclude the definition of "administrative agency" in N.D.C.C. § 28–32–01(2) does not apply to the attorney-consultation exemption to the open meeting law under N.D.C.C. § 44–04–19.1.

[¶ 18] Our primary objective in construing a statute is to ascertain the intent of the legislature. *Pratt v. Altendorf,* 2005 ND 32, ¶ 12, 692 N.W.2d 115. We construe statutes to avoid absurd or ludicrous results. *State v. Leppert,* 2003 ND 15, ¶ 16, 656 N.W.2d 718; *Berg v. Berg,* 2000 ND 36, ¶ 24, 606 N.W.2d 895. Construction of the statute as urged by Edinger would mean, for example, that if an administrative appeal were provided for county employees affected by an adverse employment decision, the county's governing body could not privately consult with its attorney regarding potential strategies, including possible settlement options. A state administrative agency, however, would have the authority to privately consult with counsel. We do not believe it was the intent of the legislature to limit the authority of a local governing body in this manner. Accordingly, we conclude the term "administrative agency" in N.D.C.C. § 44–04–19.1(5) is not limited to agencies of the state executive branch, and the attorney-consultation exemption applies to reasonably predictable adversarial administrative proceedings of the Governing Authority.

IV

[¶ 19] We conclude the trial court did not abuse its discretion in denying Edinger's petition for a writ of mandamus. The judgment is affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER and MARY MUEHLEN MARING, JJ., concur.

[¶ 21] The Honorable William A. Neumann, a member of the Court when this case was heard, resigned effective March 14, 2005, and did not participate in this decision.