Crothers, Justice.
[¶ 1] Rebecca Kathleen Jessee appeals from a district court order deferring imposition of sentence after she was found guilty of tampering with a public service. Jessee argues her presence on railroad tracks during the Dakota Access Pipeline protest did not constitute tampering with tangible property and the district court improperly classified Burlington Northern Sante Fe Railway as a public service. We reverse, concluding Jessee's presence on the tracks did not constitute tampering with tangible property.
I
[¶ 2] In November 2016 a two-line stand-off between protesters and law enforcement formed at the intersection of the railroad tracks and County Road 82 in Morton County. Law enforcement responded to reports of protesters attempting to cross the railroad tracks to reach a pipeline construction yard. Responding officers observed a small group, which did not include Jessee, placing debris on the railroad tracks. Law enforcement alerted Burlington Northern Sante Fe Railway of the situation and stopped all trains traveling through the area. As both law enforcement and protestors gathered in greater numbers, the railroad tracks became the *337 dividing line between the two groups. Law enforcement used loudspeakers to warn the protesters to disperse or face arrest.
[¶ 3] Jessee was among dozens arrested and charged with varying crimes for participating in the protest. Jessee was charged with tampering with a public service for being on and near the railroad tracks during the protest. At Jessee's bench trial the district court found Burlington Northern Sante Fe Railway qualifies as a public service under N.D.C.C. § 12.1-21-06, the delay of one hour and forty-five minutes was a substantial interruption and Jessee's presence on the railroad tracks was tampering. The court found Jessee guilty and entered an order deferring imposition of sentence for one year. Jessee appeals the order.
II
[¶ 4] Jessee argues insufficient evidence supports her conviction of tampering with or damaging a public service. Section 12.1-21-06, N.D.C.C., provides:
"1. A person is guilty of an offense if he causes a substantial interruption or impairment of a public communication, transportation, supply of water, gas, power, or other public service by:
a. Tampering with or damaging the tangible property of another;
b. Incapacitating an operator of such service; or
c. Negligently damaging the tangible property of another by fire, explosive, or other dangerous means.
2. The offense is a class C felony if the actor engages in the conduct intentionally and a class A misdemeanor if the actor engages in the conduct knowingly or recklessly. Otherwise it is a class B misdemeanor."
Jessee asserts tampering requires a physical action with a material object or alteration or damage to public service property. She was merely present. Jessee argues her passive presence on the tracks after Burlington Northern Sante Fe stopped service did not constitute tampering.
[¶ 5] We review questions of fact in a criminal bench trial in the same manner as a jury trial, through the sufficient evidence standard. State v. Johnson , 425 N.W.2d 903, 906 (N.D. 1988).
"When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses...."
State v. Demarais , 2009 ND 143, ¶ 7, 770 N.W.2d 246 (internal citation and quotation marks omitted).
[¶ 6] The State argues Jessee's presence on the railroad tracks during the protest was tampering that contributed to a substantial interruption. Under N.D.C.C. § 12.1-21-06, the substantial interruption must be caused by tampering with or damaging property, incapacitation of an operator or negligent damage by dangerous means. Here, the trains were stopped for approximately one hour and forty-five minutes, costing the Railway $2,071.19. The district court found the amount was substantial. Upon review, the evidence introduced against Jessee supports the finding of substantial interruption, but lacks support for tampering with tangible property.
[¶ 7] The State argues "tampering" as defined in N.D.C.C. § 49-04.1-01(3)"is *338 persuasive to the argument that 'tampering' is analogous to 'interfering' " and encompasses Jessee's conduct in this case. In making this argument, the State acknowledges that the definition in that section is "not precisely on point."
[¶ 8] Section 49-04.1-01(3), N.D.C.C., provides that " 'Tampering' means damaging, altering, adjusting, or in any manner interfering with or obstructing the action or operation of any meter provided for measuring or registering the amount of utility service passing through the meter." The definition is part of a chapter relating to unauthorized metering of a utility service. See N.D.C.C. § 49-04.1-01(1) and (6).
[¶ 9] "The interpretation of a court rule or statute is a question of law that we review de novo." State v. Chacano , 2012 ND 113, ¶ 10, 817 N.W.2d 369. Section 1-01-09, N.D.C.C., guides our interpretation by providing "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs in the same or subsequent statutes, except when a contrary intention plainly appears." As explained by this Court:
"When a word is defined in one section of the Century Code, that definition will ordinarily apply to use of the word in other sections of the Century Code, except when a contrary intent plainly appears. When a statutory definition, however, is limited by prefatory language such as 'in this title' or 'for the purposes of this title,' the legislature has expressly evidenced its intent that the definition have no application beyond that act."
Edinger v. Governing Auth. of Stutsman Cnty. Corr. Ctr. and Law Enforcement Ctr. , 2005 ND 79, ¶ 16, 695 N.W.2d 447 (internal citations omitted).
[¶ 10] The definition in N.D.C.C. § 49-04.1-01 has the limiting language "As used in this chapter, unless the context or subject matter otherwise requires." The context and subject matter of railroad operations and utility services such as natural gas or electricity are very different. The statutory definition in section 49-04.1-01 also is broader than this Court has applied in several other circumstances discussed below. Those other applications are narrower than, and inconsistent with, the expansive language in the statute allowing for prosecution when a defendant "in any manner" is "obstructing the action or operation of any meter provided for measuring or registering the amount of utility service passing through the meter." We therefore conclude the definition in N.D.C.C. § 49-04.1-01(3) is neither controlling nor persuasive in defining "tampering" under N.D.C.C. § 12.1-21-06.
[¶ 11] This Court has addressed the definition of tampering in varying contexts to require some sort of harmful change or alteration. See State v. Damron , 1998 ND 71, ¶ 2, 575 N.W.2d 912 (cutting telephone lines to evade security systems and commit burglary is tampering with a public service); W.W. Wallwork, Inc. v. Duchscherer , 501 N.W.2d 751 (N.D. 1993) (tampering with odometer includes rolling back mileage); In re Estate of Larsen , 143 N.W.2d 656 (N.D. 1966) (tampering with a handwritten note includes erasing provisions within); Erickson v. North Dakota Workmen's Comp. Bureau , 123 N.W.2d 292 (N.D. 1963) (before admittance as evidence, a material object must be shown to have no tampering; likened to a substantial change in the material object); Howser v. Pepper , 8 ND 484, 79 N.W. 1018, 1021 (1899) (tampering with a ballot box or ballot requires some sort of change to the item).
[¶ 12] Other states have addressed tampering with public services or utilities in a manner which requires alteration or harmful *339 conduct. See Sanchez v. State , No. 05-15-00098, 2016 WL 3947841 (Tex. Ct. App. July 15, 2016) (removing portions of an electric meter to facilitate diversion of electric power supply is sufficient evidence to prove tampering); Commonwealth v. Faherty , 57 Mass.App.Ct. 150, 781 N.E.2d 864 (2003) (vandalism by inserting foreign objects into a parking meter is tampering); United States v. Davis , No. 10-6451-RSR, 2010 WL 4722483 (Fla. Dist. Ct. App Nov. 15, 2010) (trespassing into water treatment plant and turning off main breakers and back-up generator supports charges of tampering with public water system); Howlett v. State , 994 S.W.2d 663 (Tex. Crim. App. 1999) (unauthorized tap connected to inlet riser of gas meter was tampering); Kreiling v. Field , 431 F.2d 502 (9th Cir. 1970) (slight movement of two levers inside a public telephone making it inoperable was tampering).
[¶ 13] In this case the State produced photographs of Jessee standing with her feet on the tracks. Viewing this evidence in the light most favorable to the district court's finding of guilt, the State produced sufficient evidence to establish Jessee was in an unauthorized place. Jessee knew her presence was unauthorized due to the law enforcement commands to disperse or face arrest. However, no evidence supports the finding Jessee was tampering with Burlington Northern Sante Fe Railway property based on her passive presence on railroad property. Jessee did not alter the railroad tracks in a harmful manner. Law enforcement observed a small group of protestors tampering with railroad property by placing debris on the tracks, but Jessee was never accused of participating in those actions. Physical presence may be trespassing, but without a change, alteration or harmful conduct towards railroad property, Jessee's actions do not constitute tampering. Therefore, Jessee's actions did not establish tampering with tangible property.
III
[¶ 14] We have considered the parties' remaining arguments and consider them to be unnecessary to our decision. Because the evidence did not establish Jessee's presence on the tracks constituted tampering with tangible property, we reverse the district court's order.
[¶ 15] Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.