1998 ND 218

**Geraldine LEE, Claimant and Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee,**

and

**Midwest Air Center, Inc., Respondent.**

Civil No. 980234

Supreme Court of North Dakota.

Dec. 22, 1998.

Stephen D. Little, of Dietz, Little & Haas, Bismarck, for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, Bismarck, for appellee.

NEUMANN, Justice.

[¶ 1] Geraldine Lee appealed from a district court judgment affirming an order of the North Dakota Workers Compensation Bureau requiring her to refund an overpayment of disability benefits. We hold the Bureau properly construed and applied the social security offset provisions under N.D.C.C. § 65–05–09.1, and we affirm.

[¶ 2] Lee incurred a work-related injury to her back in November 1992. She filed a claim for workers compensation benefits. The Bureau accepted the claim and paid her related medical expenses, disability benefits, and a permanent partial impairment award of $6,300.

[¶ 3] Lee also applied for and received federal social security disability benefits. The Social Security Administration (SSA) determined Lee was entitled to a monthly ben-

efit of $448.30, and on October 23, 1996, gave Lee a retroactive lump sum disability payment of $9,070 for the period from February 1995 through October 1996. On November 6, 1996, the SSA sent Lee a letter informing her it made an error in determining the amount of her retroactive payment and requesting a refund of $4,648. The SSA explained that it had failed to apply a partial offset from her federal benefit under 42 U.S.C. § 424a(a) and (b), for the $6,300 partial impairment payment Lee had received from the Bureau. Lee promptly refunded the entire $4,648 overpayment to the SSA.[1]

[¶ 4] Based upon Lee's monthly federal benefit (primary insurance amount)[2] the Bureau concluded it was entitled to an offset, under N.D.C.C. § 65–05–09.1, of $3,986.32 for the period she received the federal lump sum payment. The Bureau withheld $166.28 from a disability payment made to Lee and directed her to refund the remaining offset of $3,820.04 to the Bureau. Lee appealed. After a hearing, the Bureau affirmed its offset determination by order of November 26, 1997. Lee appealed to the district court, which affirmed the Bureau's order. Lee then filed this appeal.

[¶ 5] Lee argues the Bureau misconstrued and misapplied N.D.C.C. § 65–05–09.1. On appeal, we review the decision of the Bureau, and we limit our review to the record before the Bureau. *Flink v. North Dakota Workers Comp. Bur.*, 1998 ND 11, ¶ 8, 574 N.W.2d 784. Under N.D.C.C. §§ 28–32–19 and 28–32–21, we affirm an agency's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, or the decision is not in accordance with the law. *Id.* Questions of law, including the interpretation of a statute, are fully reviewable on appeal. *Gregory v. North Dakota Workers Comp. Bur.*, 1998 ND 94, ¶ 26, 578 N.W.2d 101.

[¶ 6] Under N.D.C.C. § 65–05–09.1 the Bureau is entitled to partially offset social security benefits from a claimant's state disability payments:

When an injured employee, or spouse or dependent of an injured employee, is eligible for and is receiving permanent total or temporary total disability benefits under section 65–05–09, and is also eligible for, is receiving, or will receive, benefits under Title II of the Social Security Act [42 U.S.C. 423], the aggregate benefits payable under section 65–05–09 must be reduced, but not below zero, by an amount equal as nearly as practical to one-half of such federal benefit. The federal benefit, or primary insurance amount, must be determined by the social security administration. The amount to be offset must equal the primary insurance amount rounded to the next lowest dollar less credit for either the entire amount of attorneys' fees and costs, or the fees and costs paid to an authorized representative of the employee. . . . The amount of the offset computed by the bureau initially must remain the same throughout the period of eligibility and may not be affected by any increase or decrease in federal benefits.

[¶ 7] When a disabled person receives both social security and state workers compensation disability benefits, the Social Security Act permits a reduction in social security benefits. 42 U.S.C. § 424a. The calculation of the federal setoff is based on a claimant's monthly earnings, but it can also be based on the claimant receiving a lump sum payment from a state workers compensation program if the lump sum is meant as a substitute for periodic payments. 42 U.S.C. § 424a(b); *Frost v. Chater*, 952 F.Supp. 659, 662 (D.N.D. 1996). If, however, the state, in computing its benefit, has already offset the social security benefit, the Act only allows the SSA to offset the state benefit to the extent the sum of the state benefit and the social security

---

1. Although not relevant to our disposition of this case, Lee's counsel has informed this Court she is currently in litigation with the SSA disputing its offset to her social security disability benefits based upon her receipt of the permanent partial impairment award.

2. The primary insurance amount is the basic figure used in determining a person's federal benefit. If a person becomes disabled and seeks social security disability benefits, the person's monthly benefit is equal to the primary insurance amount. 20 C.F.R. § 404.201.

benefit exceeds 80% of the claimant's pre-disability income. *See* 42 U.S.C. § 424a(a) and (d); *Frost,* 952 F.Supp. at 665.

[¶ 8] The court in *Frost,* 952 F.Supp. at 664, held the SSA cannot offset from a recipient's social security benefit any part of a permanent impairment award made under the North Dakota Workers Compensation system, because the award is not a substitute for periodic payments:

> Considering the purpose of permanent partial impairment awards under the North Dakota workers' compensation system, this court concludes as a matter of federal law that the $9,600 permanent impairment award was not "a commutation of, or a substitute for periodic payments." 42 U.S.C. § 424a(b). This award serves as "compensation for the loss of bodily function as contrasted to a substitute for periodic payments." *Campbell v. Shalala,* 14 F.3d 424, 427 (8th Cir.1994). The award is therefore not subject to Social Security offset.

*Cf. Campbell v. Shalala,* 14 F.3d 424, 428 (8th Cir.1994) (claimant has the burden to prove a state lump sum payment is not a substitute for periodic monthly payments and cannot, therefore, be offset from social security benefits); *but see Krysztoforski v. Chater,* 55 F.3d 857, 858 (3rd Cir.1995) (lump sum award for loss of use of limb constitutes a disability benefit which may be offset against social security disability benefits).

[¶ 9] The SSA reported to the Bureau Lee's federal monthly primary insurance amount is $448.30. The relevant language under N.D.C.C. § 65–05–09.1 requires the Bureau to offset one-half of a recipient's federal benefit when the recipient is receiving state disability payments and "is also eligible for" social security benefits. "The amount to be offset must equal the primary insurance amount ... less ... attorneys' fees and costs" and the amount of offset initially computed by the Bureau "must remain the same throughout the period of eligibility." Following the clear language of the statute, the Bureau offset one-half of the primary insurance amount, less attorney fees, from Lee's state benefit payments. The Bureau concluded it overpaid Lee $3,986.32 for the period covered by the lump sum federal payment.

[¶ 10] Lee concedes the primary insurance amount of $448.30 is correct and has not changed. Lee also does not dispute the computation by the Bureau of the offset based upon the $448.30 primary insurance amount. Rather, Lee complains the Bureau should not have taken an offset for the $4,648 she refunded to the SSA. Lee's argument demonstrates an erroneous construction of the state statute and a mistaken view that the Bureau's offset is linked to the SSA's treatment of her partial impairment award.

[¶ 11] The primary objective of statutory construction is to ascertain the intent of the Legislature, for which we look first at the words used in the statute, giving them their ordinary and plain meaning. *Shiek v. North Dakota Workers Comp. Bur.,* 1998 ND 139, ¶ 16, 582 N.W.2d 639. We will ordinarily defer to a reasonable interpretation of a statute by the agency enforcing it, but an interpretation which contradicts clear and unambiguous statutory language is not reasonable. *Id.*

[¶ 12] The relevant language under N.D.C.C. § 65–05–09.1, is clear and unambiguous. The Bureau must compute the social security offset based solely upon the primary insurance amount to which the claimant is entitled. There is no language in the statute linking the SSA's treatment of a claimant's impairment award to the Bureau's computation of the social security offset. The Bureau's calculation of its offset based upon Lee's monthly primary insurance amount of $448.30 was in accordance with the statute. There is no language in N.D.C.C. § 65–05–09.1, requiring or allowing the Bureau to adjust the social security offset because the SSA offset Lee's impairment award from her social security payments.

[¶ 13] The appearance of unfairness to Lee in this case arises from the SSA's decision to take back part of Lee's social security disability payment as an offset to the permanent partial impairment award Lee received. Whether a payment received under a state workers compensation scheme constitutes a disability benefit which can be offset by the SSA from social security benefits is a ques-

tion of federal law, *Campbell*, 14 F.3d at 427, and not a question properly before this Court.

[¶ 14] We conclude the Bureau's offset to Lee's disability benefit is in accordance with our state law. As unambiguously directed by the statute, the Bureau computed its offset using Lee's federal primary insurance amount.

[¶ 15] In accordance with this opinion, the judgment of the district court upholding the Bureau's order is affirmed.

[¶ 16] VANDE WALLE, C.J., and MARING, KAPSNER, and SANDSTROM, JJ., concur.