2000 ND 224

**Robert L. BERGER, Claimant and Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee,**

and

**Silver Dollar Bar, Respondent.**

**No. 20000153.**

Supreme Court of North Dakota.

Dec. 27, 2000.

Stephen D. Little, Dietz, Little & Haas, Bismarck, ND, for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, Bismarck, ND, for appellee.

NEUMANN, Justice.

[¶ 1] Robert L. Berger ("Berger") appealed from a district court order and judgment affirming an order of the North Dakota Workers Compensation Bureau ("the Bureau") determining he was not an employee covered by the Workers Compensation Act when he was injured. We affirm.

[¶ 2] Berger suffered a head injury while working as a bartender at the Silver Dollar Bar in Mandan December 6, 1992. Berger's wife, Dayta, filed a claim for workers compensation benefits on his behalf. The Bureau accepted the claim and awarded benefits on March 11, 1993.

[¶ 3] On August 2, 1993, the Bureau issued an order in which it found Berger's injury was caused by voluntary use of intoxicants, concluded the injury was not employment-related, and ordered dismissal of the claim. On November 30, 1993, the Bureau issued an order in which it found Berger was injured when he was assaulted while employed at the Silver Dollar Bar on December 6, 1992, found the evidence did not establish his injury was caused by voluntary consumption of alcohol, concluded he "suffered an injury by accident arising out of and in the course of his employment," revoked its dismissal order of August 2, 1993, and ordered payment of medical expenses and disability benefits.

[¶ 4] On May 15, 1998, the Bureau mailed Berger a notice of intention to discontinue or reduce benefits because it had determined he was a partner in the business for which he was working when he was injured, and did not have appropriate

workers compensation coverage. The Bureau terminated Berger's benefits on June 5, 1998. On November 17, 1998, the Bureau notified Berger it found he was not a partner or an employee, but was a consultant. The Bureau also notified Berger it was reinstating benefits from June 6, 1998, and it was terminating benefits on December 8, 1998.

[¶ 5] On December 28, 1998, the Bureau issued an order revoking acceptance of Berger's claim, dismissing the claim, ordering repayment of benefits, and ordering forfeiture of benefits. The Bureau found Berger made a false statement when he applied for benefits as an employee, he was not an employee when he was injured, he was a paid consultant when he was injured, and neither Berger nor the Silver Dollar Bar had procured appropriate workers compensation coverage for him. The Bureau revoked the November 30, 1993, order awarding benefits, dismissed the claim, ordered Berger to repay $158,714.87 for medical expenses, disability benefits, and permanent partial impairment benefits, and ordered forfeiture of any additional benefits in connection with the claim.

[¶ 6] Asserting he was an employee of the Silver Dollar Bar and entitled to workers compensation benefits for his injury, Berger requested reconsideration and demanded a formal hearing. After conducting a formal hearing on August 18, 1999, a Temporary Administrative Law Judge ("TALJ") issued recommended findings:

4. The greater weight of the evidence shows that the claimant was not an employee of the Silver Dollar Bar on December 6, 1992, or any other relevant time. He worked in the bar as a bartender, but his status was that of an owner or partner.

5. The claimant never obtained optional coverage as an owner under the North Dakota Workers Compensation Act.

6. The greater weight of the evidence does not show that the claimant de-

liberately filed a false claim or made a false statement in connection with this claim.

The TALJ concluded Berger "was not a person covered by the Workers Compensation Act at the time of his injury" and recommended Berger be ordered to repay $158,714.87 to the Bureau. On October 11, 1999, the Bureau issued an order adopting the TALJ's recommended order as its final order. Berger appealed to the district court, which affirmed the Bureau's order on March 8, 2000. Judgment was entered on March 21, 2000, and Berger appealed.

I

[¶ 7] We exercise a limited review in appeals involving Bureau decisions:

On appeal, we review the Bureau's decision under N.D.C.C. §§ 28–32–19 and 28–32–21. We affirm the Bureau's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, its decision is not in accordance with the law, or its decision violates the claimant's constitutional rights or deprives the claimant of a fair hearing. *E.g., Vernon v. North Dakota Workers Comp. Bureau,* 1999 ND 153, ¶ 8, 598 N.W.2d 139. Our review of the Bureau's findings of fact is limited to deciding whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record. *Id.* Questions of law, including the interpretation of a statute, are fully reviewable on appeal from a decision by the Bureau. *Lee v. North Dakota Workers Comp. Bureau,* 1998 ND 218, ¶ 5, 587 N.W.2d 423.

*Robertson v. North Dakota Workers Comp. Bureau,* 2000 ND 167, ¶ 8, 616 N.W.2d 844.

## II

[¶ 8]   Relying on *Flink v. North Dakota Workers Comp. Bureau,* 1998 ND 11, 574 N.W.2d 784; *McCarty v. North Dakota Workers Comp. Bureau,* 1998 ND 9, 574 N.W.2d 556; and *Cridland v. North Dakota Workers Comp. Bureau,* 1997 ND 223, 571 N.W.2d 351, Berger made two related contentions:

I.   The Bureau cannot base its termination of Bob Berger's benefits on an issue raised, for the first time, in the recommended decision of the TALJ.

. . . .

II.   Having failed to satisfy the elements of N.D.C.C., Section 65–05–33, the Bureau cannot now rely on other legal authority to support forfeiture of benefits.

■ [¶ 9]   The TALJ recommended finding Berger was not an employee, but an owner or partner, when he was injured. Asserting the Bureau first agreed "Berger had been an employee of the Silver Dollar Bar at the time of his injury," and later determined he was not a partner or an employee, but a consultant, Berger contends he "was 'blindsided' and not afforded a fair opportunity to prepare his case ." Berger further contends:

Having found that the Bureau failed to prove the elements of the offense asserted, TALJ Dyer should have remanded the matter for reinstatement of benefits; instead, he mistakenly concluded that Bob was a partner/owner of the Silver Dollar Bar at the time of his injury and, even though Bob's assertion of employment had not been willful, the Bureau was nevertheless entitled to recoup $158,714.87 in benefits and, Bob must forfeit all future benefits.   Again, TALJ Dyer based his decision on an issue (innocent mistake) not previously raised. ... The Bureau claimed only N.D.C.C., Section 65–05–33 as authority for terminating benefits.   The Bureau cannot now rely on an issue never raised and authority never claimed.

The crux of Berger's arguments is the assertion that the TALJ based his recommendation on his finding Berger was not an employee, but an owner or partner, which Berger asserts was raised for the first time by the TALJ. That clearly was the basis of the TALJ's recommended decision, not an issue about an innocent mistake.

[¶ 10]   In its order of December 28, 1998, the Bureau found "the evidence does not indicate claimant was an employee of the Silver Dollar Bar on December 6, 1992, when he was injured," and "the evidence indicates claimant was being paid as a consultant by the Silver Dollar Bar on December 6, 1992."   Berger requested reconsideration, specifically asserting both those findings were incorrect.   On May 17, 1999, the TALJ specified the following issue for consideration at the hearing: "Whether claimant made willful and material false statements regarding his work activities and receipt of income."   By letter of June 4, 1999, Bureau's counsel suggested the following issues to Berger's counsel:

1.   Whether the claimant was an employee of Silver Dollar Bar for Worker's Compensation purposes at the time of his injury of December 6, 1992;

2.   Whether the claimant willfully filed a false claim or made a false statement pursuant to N.D.C.C. § 65–05–33 in applying for benefits as an employee of the Silver Dollar Bar.

In a letter of June 16, 1999, Berger's attorney replied he agreed with the second issue posited by Bureau counsel, and suggested the other issue be stated as follows:

1.   Whether claimant was an employee of Silver Dollar Bar under N.D.C.C., Section 65–01–03 (1991) and N.D.A.C., Section 92–01–02–49 (1994).

Berger's attorney also suggested a third issue: "Whether the Bureau has deprived the claimant of due process."   On July 7,

1999, the TALJ issued an amended specification of issues, specifying the following issues for consideration at the hearing:

1. Whether the claimant was an employee of the Silver Dollar Bar within the meaning of the Workers Compensation Act on December 6, 1992;

2. Whether the claimant willfully filed a false claim or made a false statement[s] in connection with his application for workers compensation benefits stemming from an injury occurring on December 6, 1992;

3. Whether the claimant was deprived of due process of law by the Bureau in connection with this claim.

[¶ 11]   It is clear the issue of whether or not Berger was an employee when he was injured arose long before the hearing before the TALJ. That issue has been involved throughout the course of the proceedings, from Berger's application for benefits to this appeal. It cannot reasonably be suggested the matter was raised for the first time in the TALJ's recommendation or that Berger "was 'blindsided' and not afforded a fair opportunity to prepare his case." We conclude the issue of Berger's employment status was properly raised, Berger was appropriately notified of the issue, and Berger had a fair opportunity to present his case.

■ .[¶ 12]   Berger contends the Bureau cannot rely on any authority other than N.D.C.C. § 65–05–33 to forfeit benefits. An owner is not entitled to workers compensation benefits without securing optional coverage under N.D.C.C. § 65–07–01. *Dunn v. North Dakota Workmen's Comp. Bureau,* 191 N.W.2d 181, 184 (N.D. 1971). Berger did not secure such coverage. Under N.D.C.C. § 65–01–11, "Any claimant against the fund, however, has the burden of proving by a preponderance of the evidence that the claimant is entitled to benefits." If Berger was not an employee and did not secure optional employer coverage under N.D.C.C. § 65–07–01, he was not entitled to benefits, whether

or not he made false statements prohibited by N.D.C.C. § 65–05–33.

### III

■   [¶ 13]   Berger contends a preponderance of the evidence shows he was an employee of the Silver Dollar Bar when he was injured on December 6, 1992. Berger contends his status as an employee can only be determined by applying N.D. Admin. Code § 92–01–02–49:

The Bureau has adopted N.D.A.C., Section 92–01–02–49, which provides a 20–part test for determining whether an individual is an employee or an independent contractor. All of the witnesses familiar with Bob's duties at the Silver Dollar Bar testified that, under the Bureau's test, Bob was an employee. . . .

. . . Whether Bob is called a bartender or a consultant, his status as either an employee or an independent contractor can only be ascertained under the Bureau's properly promulgated administrative rule. The Bureau's failure to apply its own rule in determining Bob Berger's employment status necessarily means that it has not met its burden of rebutting the statutory presumption of employment.

[¶ 14]   Under N.D.C.C. § 65–01–03, a person who performs services for another for remuneration is presumed to be an employee, unless he or she is an independent contractor under the "common law" test. In N.D. Admin. Code § 92–01–02–49, the Bureau has identified twenty factors that "are to be considered" when "determining whether a person is an independent contractor or an employee under the 'common law' test." In this case, however, the Bureau was not trying to determine whether Berger was "an independent contractor or an employee." The Bureau was trying to determine whether Berger was an employee of the Silver Dollar Bar or an owner. Thus, N.D. Admin. Code § 92–01–02–49 was inapplicable and did not preclude the Bureau from considering other evidence or factors.

[¶ 15] The TALJ based his recommendation on a number of evidentiary matters: (1) Lucas Berger's will left the Silver Dollar Bar to his three sons, Robert, Dale, and Lucas, Jr., in equal shares; (2) In 1986 Robert renounced his right to his share; (3) Payroll reports filed with the Bureau for 1990 and 1991 do not list Robert anywhere, but show Dale Berger and Lucas Berger, Jr., as owners declining optional coverage; (4) A payroll report for 1992, filed after Robert's injury, "adds him as a manager to his two brothers and indicates he desires optional coverage. The claimant is also listed as an employee at $26,000 per year"; (5) Dayta Berger, Robert's wife, the bookkeeper for the Silver Dollar Bar, "conceded that the change in the Report to the Bureau for the year 1992 listing the claimant for the first time, completed in 1993, was done in order to get him coverage for his injury"; (6) Robert and Dayta Berger's income tax return for 1991 does not show any wages or salaries, but shows Robert had business income of $29,051; (7) Robert and Dayta Berger's 1990 income tax return showed Robert had self-employment income of $20,647; (8) Dayta Berger said in a letter: "Prior to Robert[']s head injury, his partner, Luke Berger, and himself each received 50% of the profits"; (9) As part of a Job Service audit of the Silver Dollar Bar in 1994, Dale Schiff, an accountant, wrote Job Service that Robert was a partner and the 1991 and 1992 partnership tax returns were going to be amended to reflect Robert's one-third partnership interest; (10) Dayta and Robert's "1992 income tax return likewise shows no wages or salaries but shows $17,672 for the claimant as manager working under his own name"; (11) "The 1993 Partnership return shows payments of $15,600 to the claimant and $34,104 to Lucas Berger, Jr. as partners"; and (12) A partnership certificate of October 15, 1993, "shows the claimant and Lucas Berger, Jr. as each having a fifty percent share of the Silver Dollar Bar."

[¶ 16] From our review of the record, we conclude a reasoning mind could reasonably find, as the Bureau did, that Robert Berger "was not an employee of the Silver Dollar Bar on December 6, 1992, ... but his status was that of an owner or partner."

[¶ 17] The district court order and judgment affirming the Bureau's order are affirmed.

[¶ 18] VANDE WALLE, C.J., MARING, SANDSTROM, JJ., LAWRENCE A. LECLERC, D.J., concur.

[¶ 19] The Honorable LAWRENCE A. LECLERC, D.J., sitting in place of KAPSNER, J., disqualified.