2002 ND 129

**Cheryll RUSH, Claimant
and Appellant,**

v.

**NORTH DAKOTA WORKERS
COMPENSATION BUREAU,**
Appellee,

and

**Knife River Care Center, Respondent.**

No. 20010282.

Supreme Court of North Dakota.

Aug. 15, 2002.

Cheryll Rush, pro se, Hazen, claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, Bismarck, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Cheryll Rush appealed from a district court judgment affirming a Workers Compensation Bureau order which denied benefits for Rush's cardiomyopathy and congestive heart failure. We affirm, concluding the Bureau did not err in determining Rush's heart condition was not causally related to her prior work injury.

## I

[¶ 2] On January 7, 1999, Rush was injured while working at the Knife River Care Center in Beulah. A leak occurred in the hot water heating system at the care center and, because employees originally believed the escaping vapor was smoke from a fire, Rush was directed to enter the room with a fire extinguisher. Rush experienced difficulty breathing and burning eyes, which she alleged were caused by exposure to ethylene glycol. She received treatment for her injuries in the emergency room of a local hospital, and subsequently saw a nurse practitioner a few weeks later. Rush filed a claim with the Bureau for her medical expenses, which the Bureau accepted and paid.

[¶ 3] In July 1999, Rush was diagnosed with cardiomyopathy and congestive heart failure. Rush received treatment for her heart condition in Bismarck and at the Mayo Clinic. The Bureau denied payment for her heart-related medical bills, claiming Rush's heart condition was not causally related to her earlier work injury. Rush requested and received a hearing before an administrative law judge, who found that the cause of Rush's heart condition was unknown and recommended denial of her claim. The Bureau agreed with the administrative law judge's finding that the cause of Rush's heart condition was unknown. Concluding Rush had failed to establish a causal relation between her work injury and her heart condition, the Bureau entered an order denying benefits.

[¶ 4] Rush appealed to the district court, which affirmed the decision of the Bureau.

## II

 [¶ 5] This Court exercises limited review in appeals involving decisions of the Bureau. *Wright v. North Dakota Workers Comp. Bureau*, 2001 ND 72, ¶ 12, 625 N.W.2d 256. We review the decision of the Bureau and our review is limited to the record before the Bureau. *Wanstrom v. North Dakota Workers Comp. Bureau*, 2001 ND 21, ¶ 5, 621 N.W.2d 864; *Tangen v. North Dakota Workers Comp. Bureau*, 2000 ND 135, ¶ 9, 613 N.W.2d 490. Under N.D.C.C. §§ 28–32–19 and 28–32–21 (amended and codified at N.D.C.C. §§ 28–32–46 and 28–32–49),[1] we affirm the Bureau's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, its decision is not in accordance with the law, its decision violates the claimant's constitutional rights, or its rules or procedures deprived the claimant of a fair hearing. *Wright*, at ¶ 12. We exercise restraint in determining whether the Bureau's findings of fact

---

1. N.D.C.C. § 28–32–46, effective August 1, 2001, after the appeal to the district court in this case was filed, added two additional items which the reviewing court must consider before affirming the order of the agency, i.e., the order of the agency must be affirmed unless the findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant or the conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

are supported by a preponderance of the evidence. *Id.; Wanstrom*, at ¶ 5. We do not make independent findings or substitute our judgment for that of the Bureau, but determine only whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record. *Wright*, at ¶ 12; *Wanstrom*, at ¶ 5.

■ [¶ 6] A claimant seeking benefits from the workers compensation fund has the burden of proving by a preponderance of the evidence that she is entitled to benefits. N.D.C.C. § 65–01–11; *Berger v. North Dakota Workers Comp. Bureau*, 2000 ND 224, ¶ 12, 620 N.W.2d 576; *Tangen*, 2000 ND 135, ¶ 18, 613 N.W.2d 490. The claimant must establish by a preponderance of the evidence that the medical condition for which benefits are sought is causally related to her work injury. *E.g., Negaard–Cooley v. North Dakota Workers Comp. Bureau*, 2000 ND 122, ¶ 8, 611 N.W.2d 898; *Howes v. North Dakota Workers Comp. Bureau*, 429 N.W.2d 730, 733 (N.D.1988). Under N.D.C.C. § 65–01–02(11), a compensable injury "must be established by medical evidence supported by objective medical findings."

■ [¶ 7] Rush had the burden of proving by a preponderance of the medical evidence that her heart problems were causally related to her exposure to ethylene glycol at work. Rush failed to present any medical evidence at the hearing which established a causal relation between her exposure to ethylene glycol and her subsequent heart problems. Her medical records indicated that the doctors who treated her after the heart problems were discovered in July 1999 could not causally connect her cardiomyopathy and congestive heart failure with the prior exposure to ethylene glycol. The doctors concluded the cause of her heart condition was unknown.

[¶ 8] When asked at oral argument what medical evidence in the record established a causal relation between the ethylene glycol exposure and her heart problems, Rush responded that the "closest" was the opinion from Dr. Molenaar. Rush saw Dr. Molenaar at the Mayo Clinic for the specific purpose of determining whether Rush's heart problems were causally related to her exposure to ethylene glycol. Dr. Molenaar concluded that it could not be determined whether Rush's exposure caused her later heart problems:

> From a toxicologic perspective, ethylene glycol may cause congestive heart failure following severe ingestion incidents. I am not aware of any evidence in the literature correlating ethylene glycol inhalation with the development of congestive heart failure. The glycols are cardioactive, however, as they may be arrhythmogenic. . . .
>
> One, of course, is struck by the patient's description of having been healthy until this incident. This, of course, does not preclude the possibility that cardiomyopathy could have been developing coincidentally. The presence of a left bundle branch block three years prior to the exposure incident raises concern about occult heart disease but, to my understanding, is not a sensitive predictor of cardiomyopathy. What is clear is that the patient's heart enlargement did not develop until June 27 following the exposure incident in the preceding January. One cannot state definitively that exposure to ethylene glycol and/or its combustion products resulted in the development of cardiomyopathy in this patient. . . . It is clear that by history the patient did experience toxic exposures, albeit for a brief period of time, as she was not wearing protective equipment.

To what degree these exposures may have contributed to the development of her underlying heart disease cannot be stated with certainty.

Dr. Molenaar's opinion indicates he is unaware of any evidence correlating ethylene glycol inhalation with development of congestive heart failure, and he is unable to state that Rush's exposure caused her cardiomyopathy. The statement of Dr. Molenaar may, from Rush's viewpoint, be read as speculation that the ethylene glycol was the cause of Rush's heart problems, but speculation as to cause does not meet the burden of proving cause by a preponderance of the evidence. *See, e.g., Wherry v. North Dakota State Hosp.*, 498 N.W.2d 136, 141 (N.D.1993) (claimant has the burden of establishing a causal relationship between the medical condition and the work injury, and that burden is not satisfied by surmise, conjecture, or mere guess); *Inglis v. North Dakota Workmen's Comp. Bureau*, 312 N.W.2d 318, 322 (N.D. 1981) (same). Consequently, Dr. Molenaar's opinion does not support Rush's claim that her heart problems were caused by her exposure to ethylene glycol at work.

[¶ 9] We conclude the Bureau's finding that the cause of Rush's heart condition is unknown is supported by a preponderance of the evidence. The Bureau's conclusion of law that Rush failed to show by a preponderance of the evidence that her heart condition was causally related to her work injury is supported by its findings of fact and by the evidentiary record.

[¶ 10] We have considered the remaining issues raised by Rush on appeal and they are either unnecessary to our decision or are without merit. We affirm the district court judgment affirming the order of the Bureau.

[¶ 11] CAROL RONNING KAPSNER, DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.