2006 ND 69

Steven THOMPSON, Claimant
and Appellant

v.

WORKFORCE SAFETY AND INSURANCE, Thermal Line Windows, Inc.,
Appellee and Respondent.

No. 20050392.

Supreme Court of North Dakota.

March 31, 2006.

Stephen D. Little, Dietz & Little Lawyers, Bismarck, N.D., for claimant and appellant.

Lawrence E. King, Special Assistant Attorney General, Bismarck, N.D., for appellee.

CROTHERS, Justice.

[¶ 1] Steven Thompson appeals from a judgment affirming an order issued by Workforce Safety and Insurance ("WSI") denying him further benefits. We affirm.

I

[¶ 2] Thompson was employed as a window assembler. In September 2003, he was swinging a mallet during assembly of a window and felt a sudden pain in his right shoulder and arm. The pain subsided while Thompson was at rest but immediately reoccurred when Thompson returned to work.

[¶ 3] Approximately one week after the initial injury, Thompson sought treatment for his shoulder and arm pain. He reported no prior problems. This physician assessed the injury as "right shoulder pain" but was unsure of its origin, so Thompson was referred to a different physician for a consultation. Thompson again reported no prior pain or injuries and was prescribed medication and physical therapy.

[¶ 4] WSI accepted Thompson's claim in October 2003 and paid benefits for his right shoulder injury. Continued treatment revealed Thompson had a right rotator cuff tear and abnormalities of the cervical spine on the right side. He was

referred to a neurosurgeon and again reported a lack of prior problems.

[¶ 5] WSI notified Thompson in November 2003 that it was not liable for and would not pay for any treatment or condition related to his cervical spine. The letter indicated the procedure for reconsideration, but Thompson did not appeal the decision. After Thompson received a final denial letter in February 2004, he sought reconsideration.

[¶ 6] WSI obtained Thompson's prior medical and chiropractic records to verify the lack of preexisting problems or conditions in Thompson's cervical spine. The medical records showed Thompson had repeatedly sought treatment for his neck, back, and right shoulder, including several instances of spontaneous pain in the area, as well as a head and neck problem that required 34 chiropractic treatments in the year preceding his injury.

[¶ 7] Thompson's neurosurgeon, after being informed of some of Thompson's prior conditions, maintained that it was likely Thompson's current pain and cervical spine abnormalities were caused by his work-related injury. WSI's medical director attributed Thompson's current problems to pre-existing conditions. Following a hearing, Thompson's Temporary Total Disability benefits were terminated in June 2004.

[¶ 8] Thompson appealed WSI's decision to the district court, which affirmed. Thompson appeals to this Court from the district court judgment, alleging he showed with reasonable medical certainty that his cervical spine condition was substantially related to his September 2003 work injury.

II

[¶ 9] Decisions of administrative agencies are reviewed in accordance with N.D.C.C. § 28-32-46, which requires:

A judge of the district court must review an appeal from the determination of an administrative agency based only on the record filed with the court. After a hearing, the filing of briefs, or other disposition of the matter as the judge may reasonably require, the court must affirm the order of the agency unless it finds that any of the following are present:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

On appeal, we review the decision of the agency, not the decision of the district court, in the same manner. N.D.C.C. § 28-32-49; *Bjerklie v. Workforce Safety & Ins.*, 2005 ND 178, ¶ 9, 704 N.W.2d 818. It is long-established that we do not "make independent findings of fact or substitute our judgment for that of the agency. We

determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979).

[¶ 10] Thompson argues the greater weight of the evidence showed the September 2003 incident was a substantial factor in causing his cervical spine condition. WSI disagrees, arguing the findings are substantially supported by the record. Taking into account the record before us and the standard of review on appeal, we agree with WSI's argument.

[¶ 11] The administrative agency has the responsibility to weigh and resolve conflicting medical opinions. *Negaard–Cooley v. North Dakota Workers Comp. Bureau,* 2000 ND 122, ¶ 18, 611 N.W.2d 898. Here, WSI's own medical expert, Robert Cooper, M.D., was the only physician that was made fully aware of Thompson's medical history and reviewed all prior records. Cooper testified that the symptoms exhibited by Thompson prior to the September 2003 incident were indicative of cervical spine abnormalities.

[¶ 12] The Administrative Law Judge adopted Cooper's assessment, noting that each of Thompson's treating physicians presented inadequate advice and opinions, either ignorant of or failing to account for Thompson's extensive history of neck, back, and shoulder problems.

[¶ 13] Upon examination of the entire record, we conclude a reasoning mind could reasonably conclude that WSI's findings were supported by the weight of the record. We therefore affirm the district court judgment affirming WSI's order denying further benefits to Thompson.

[¶ 14] GERALD W. VANDE WALLE, C.J., ALLAN L. SCHMALENBERGER,

D.J., MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 15] The Honorable ALLAN L. SCHMALENBERGER, D.J., sitting in place of SANDSTROM, J., disqualified.