2014 ND 236

ACROSS BIG SKY FLOW TESTING,
LLC, Appellant

v.

WORKFORCE SAFETY & INSUR-
ANCE and M.F.B., dependent of Dus-
tin Bergsing (deceased), by and
through her guardian, Lacey Breding,
Respondents

Workforce Safety & Insurance,
Appellee.

No. 20140193.

Supreme Court of North Dakota.

Filed Dec. 18, 2014.

Stephen D. Little, Gateway Office Building, Bismarck, ND, for appellant.

Mitchell D. Armstrong (argued), Special Assistant Attorney General, and Brian Schmidt (on brief), Special Assistant Attorney General, Bismarck, ND, for appellee.

CROTHERS, Justice.

[¶ 1] Across Big Sky Flow Testing, LLC appeals from a district court judgment affirming an administrative law judge's award of benefits in the death of Dustin Bergsing. Big Sky argues the greater weight of the evidence and the applicable law does not support the determination Bergsing suffered a work-related death. We affirm, concluding a reasoning mind reasonably could have determined the findings were supported by the weight of the evidence.

I

[¶ 2] On January 6, 2012, Dustin Bergsing, an employee of Big Sky, was stationed at an oil tank site. Bergsing's duties included gauging the oil in tanks two times per hour, switching tanks when necessary and requesting a truck to pick up oil when the tanks were full. Shortly after midnight on January 7, another employee was sent to the site when a high tank level warning occurred. The employee found Bergsing's body lying next to an unlatched tank cover, a log book showing he last logged a tank at 10:00 p.m. and his gauging tape which was cleaned, coiled and sitting on the tank. A toxicology report showed multiple hydrocarbon compounds and components of petroleum in Bergsing's blood and lungs. An autopsy showed pulmonary edema and heart failure.

[¶ 3] A Dunn County Sheriff's Deputy searched Bergsing's trailer and vehicle and found no evidence of illegal drug use or huffing. An OSHA investigation concluded Big Sky did not violate any safety or health standards and no work-related exposure to hydrogen sulfide occurred. WSI consulted a doctor of pharmacy, Dr. Harvey J. Hanel, to determine if the levels of petroleum vapors in Bergsing's system were concentrated enough to cause his death. Dr. Hanel opined the level of butane in Bergsing's blood did not conclusively show Bergsing died from butane, and he suggested Bergsing could have been huffing. The death certificate, by opinion of Dr. William Massello III, the state medical examiner, states the cause of death was hydrocarbon poisoning due to inhalation of petroleum vapors from storage tanks.

[¶ 4] An ALJ awarded benefits after finding the greater weight of the evidence showed Bergsing's death arose out of and in the course of his employment with Big Sky. Big Sky filed a petition for reconsideration with the ALJ, which was denied. Big Sky appealed the ALJ's order awarding benefits and the order denying the petition for reconsideration to the North Dakota district court. The district court affirmed. Big Sky appeals.

II

[¶ 5] "This Court reviews the decision of WSI rather than the district court." *Kershaw v. Workforce Safety and Ins.*, 2013 ND 186, ¶ 9, 838 N.W.2d 429. This Court exercises "a limited review in appeals involving WSI decisions." *Elshaug v. Workforce Safety and Ins.*, 2003 ND 177, ¶ 12, 671 N.W.2d 784. Under N.D.C.C. §§ 28–32–46 and 28–32–49, this Court must affirm an order by an administrative agency unless:

"1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28–32–46.

[¶ 6] "This Court uses a deferential standard to evaluate an ALJ's factual findings because ALJs have the opportunity to observe witnesses, assess credibility of witnesses and resolve evidentiary conflicts." *Kershaw*, 2013 ND 186, ¶ 10, 838 N.W.2d 429. "Recognizing the constitutional doctrine of separation of powers, our standard of review in cases such as this does not allow us to make independent findings of fact or to substitute our judgment for that of the agency fact finder." *Makedonsky v. N.D. Dept. of Human Servs.*, 2008 ND 49, ¶ 16, 746 N.W.2d 185 (citations and quotation marks omitted). "[R]ather, a court must 'determine only whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence in the record.'" *Davenport v. Workforce Safety and Ins. Fund*, 2013 ND 118, ¶ 11, 833 N.W.2d 500 (quoting *Workforce Safety & Ins. v. Auck*, 2010 ND 126, ¶ 9, 785 N.W.2d 186).

III

[¶ 7] Big Sky argues the claimant failed to meet her burden to prove Bergsing's death was work related. Big Sky argues the claimant must show by the greater weight of the evidence Bergsing's death was caused by his employment activities. The ALJ concluded the greater weight of the evidence shows Bergsing's death arose out of and in the course of his employment with Big Sky. This Court's "review of an ALJ['s decision] is limited to 'whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence in the record.'" *Kershaw*, 2013 ND 186, ¶ 19, 838 N.W.2d 429 (quoting *Davenport*, 2013 ND 118, ¶ 11, 833 N.W.2d 500).

[¶ 8] "A claimant seeking workforce safety and insurance benefits has the burden of proving by a preponderance of the evidence that the claimant has suffered a compensable injury and is entitled to benefits." *Bergum v. N.D. Workforce Safety & Ins.*, 2009 ND 52, ¶ 11, 764 N.W.2d 178. "Compensable injury" is "an injury by accident arising out of and in the course of hazardous employment which must be established by medical evidence supported by objective medical findings." N.D.C.C. § 65–01–02(10). "[O]bjective medical evidence may include a physician's medical opinion based on an examination, a patient's medical history, and the physician's education and experience." *Swenson v. Workforce Safety & Ins. Fund*, 2007 ND 149, ¶ 25, 738 N.W.2d 892. Generally, "course of employment" refers to the "time, place, and circumstances of the accident" resulting in the injury, and "arising out of" refers to a causal connection between the injury and the employment. *Choukalos v. N.D. Workers' Comp. Bureau*, 427 N.W.2d 344, 345–46 (N.D.1988) (citation omitted). "For purposes of receiving benefits, an employee's injury

arises out of and in the course of employment if it occurs within the period of employment at a place where the employee may reasonably be and while he was engaged in performing the duties of his contract or is engaged in something incident thereto and contemplated thereby." *Mitchell v. Sanborn*, 536 N.W.2d 678, 684 (N.D.1995) (citations and quotation marks omitted).

[¶ 9] "To carry this burden, a claimant must prove by a preponderance of the evidence that the medical condition for which benefits are sought is causally related to a work injury." *Bergum*, 2009 ND 52, ¶ 11, 764 N.W.2d 178. This Court has recognized in other contexts that "speculation as to cause does not meet the [claimant's] burden of proving cause by a preponderance of the evidence." *Rush v. N.D. Workers Comp. Bureau*, 2002 ND 129, ¶ 8, 649 N.W.2d 207. The claimant "is responsible for making a record to support his claim." *Aga v. Workforce Safety and Ins.*, 2006 ND 254, ¶ 17, 725 N.W.2d 204. It is the ALJ's duty to weigh evidence and resolve conflicting medical opinions in making its findings. *Thompson v. Workforce Safety and Ins.*, 2006 ND 69, ¶ 11, 712 N.W.2d 309.

[¶ 10] Big Sky asserts no evidence exists and no expert opinion suggests Bergsing's death was caused by the inhalation of hydrocarbon vapors emanating from the tank battery he was monitoring. Big Sky argues the mere fact Bergsing inhaled butane while at work does not establish the inhalation was work related. Big Sky argues no evidence establishes a build-up of toxic gases at the site. However, this Court clearly has explained, "For purposes of receiving benefits, an employee's injury arises out of and in the course of employment if it occurs within the period of employment at a place where the employee may reasonably be and while he was engaged in performing the duties of his contract or is engaged in something incident thereto and contemplated thereby." *Mitchell*, 536 N.W.2d at 684 (citations and quotation marks omitted). The ALJ supports her conclusion by the undisputed fact of the presence of hydrocarbons at the well site. In the ALJ's denial of reconsideration, she further noted, "There is no dispute that the hydro-chemicals present in Mr. Bergsing's lungs and blood were present at the site where Mr. Bergsing was found. There is also no evidence whatsoever that the cause of death was not inhalation of hydrocarbons in a sufficient quantity that it affected Mr. Bergsing's death through pulmonary edema." A reasoning mind reasonably could determine Bergsing's death was caused by the inhalation of hydrocarbon vapors emanating from the tank battery he was monitoring.

[¶ 11] Big Sky argues WSI's own expert, Dr. Hanel, considered the cause of Bergsing's death by the inhalation of hydrocarbon vapors emanating from the tank battery he was monitoring highly improbable. Big Sky concedes Bergsing's death likely was the result of inhalation of butane. Big Sky also asserts Dr. Hanel opined it highly unlikely that butane in the ambient air surrounding Bergsing could have been concentrated enough to be the actual cause of death. Big Sky argues the ALJ cannot disavow the opinion of its own expert. However, the ALJ clearly explained:

"Dr. Hanel is a doctor of pharmacy and not a medical doctor. Though he concluded the concentrations of butane found were unlikely to cause death, he acknowledged that the levels would have been higher than the testing demonstrated and he also stated could not rule it out petrochemical inhalation as the cause of death. While this is not a ringing endorsement of Dr. Massello's

opinion, it also leaves room for his opinion to be correct. Moreover basing his conclusion merely on the presence of butane, neglects the effect of the numerous other petrochemicals that were present.

"Dr. Massello is the state medical examiner, he is a trained forensic pathologist, and is a licensed medical doctor. Based on his training and experience alone his opinion is entitled to more weight in this case than is Dr. Hanel's opinion."

(Footnote omitted.)

[¶ 12] The ALJ "has the responsibility to weigh and resolve conflicting medical opinions." *Thompson*, 2006 ND 69, ¶ 11, 712 N.W.2d 309. "When there is a conflicting medical opinion, the ALJ must resolve the conflicting opinion by considering the nature and length of the treatment relationship, the amount of evidence in support of the opinion and how consistent the opinion is with the record as a whole, among other factors." *Kershaw*, 2013 ND 186, ¶ 17, 838 N.W.2d 429 (citing N.D.C.C. § 65–05–08.3). "Confronted with a classic 'battle of the experts,' a factfinder may rely upon either party's expert witness." *Elshaug*, 2003 ND 177, ¶ 11, 671 N.W.2d 784. "We have said, however, that '[t]hough the Bureau may resolve conflicts between medical opinions, the authority to reject medical evidence selectively does not permit the Bureau to pick and choose in an unreasoned manner.'" *Id.* (quoting *Negaard–Cooley v. N.D. Workers Comp. Bureau*, 2000 ND 122, ¶ 19, 611 N.W.2d 898). "WSI must consider the entire record, sufficiently address the evidence, and adequately explain its reasons for disregarding the evidence presented to it by the appellant." *Swenson*, 2007 ND 149, ¶ 26, 738 N.W.2d 892 (citing N.D.C.C. § 28–32–46(7)).

[¶ 13] "We believe our case law clearly indicates that in cases such as the one at bar, where expert medical testimony is desirable if not essential to a determination of causation, the Bureau may not simply ignore competent medical testimony without expressly setting forth in its findings of fact adequate reasons, which are supported by the record, for doing so." *Satrom v. N.D. Workmen's Comp. Bureau*, 328 N.W.2d 824, 832 (N.D. 1982). "Adequate reasons for rejecting appellant's evidence set forth in the agency's findings and supported by the record are necessary for us to determine whether or not the decision of the agency is to be affirmed under N.D.C.C. § 28–32–46(5), (6) and (7)." *Swenson*, 2007 ND 149, ¶ 26, 738 N.W.2d 892.

[¶ 14] Here, the ALJ set forth adequate reasons for selecting the opinion evidence upon which she relied. The ALJ's subsequent findings are supported by the record. The ALJ's decisions are not speculative given the circumstances, toxicology report, autopsy report and other evidence indicating Bergsing's death arose out of and in the course of employment. The ALJ explained why she gave more weight to Dr. Massello's opinion and how she arrived at the decision Bergsing's death was caused by the inhalation of hydrocarbon vapors emanating from the tank battery he was monitoring. The ALJ's reasoning is supported by facts in the record. The ALJ resolved the conflicts of evidence, provided a reasonable basis for her findings and sufficiently explained the basis for her conclusion. *See Landrum v. Workforce Safety and Ins.*, 2011 ND 108, ¶ 25, 798 N.W.2d 669. Based upon this record, a reasoning mind reasonably could determine the findings were proven by the greater weight of the evidence.

IV

[¶ 15] "A claimant seeking workforce safety and insurance benefits has the bur-

den of proving by a preponderance of the evidence that the claimant has suffered a compensable injury and is entitled to benefits." *Bergum*, 2009 ND 52, ¶ 11, 764 N.W.2d 178. On this record and under the standard of review, a reasoning mind could reasonably conclude the claimant sustained that burden. We conclude a reasoning mind could reasonably conclude the ALJ's findings were proven by the weight of the evidence and support the ALJ's conclusions. We therefore sustain the ALJ's decision that the greater weight of the evidence in the record shows Bergsing's death arose out of and in the course of his employment with Big Sky.

[¶ 16] We affirm the district court judgment affirming the ALJ's award of benefits in the death of Dustin Bergsing.

[¶ 17] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.